LUIS J. NICOLE, demandante y apelante, *v.* RAMÓN MONTALVO y ANÍBAL COMOLLY, demandados; ALFONSO VÁZQUEZ, interventor y apelado.

Núm. 9253.—*Sometido:* Abril 17, 1946. *Resuelto:* Junio 21, 1946.

*Carlos E. Colón,* abogado del apelante; *Luis Ángel Limeres,* abogado del interventor, apelado.

El Juez Asociado Señor Córdova emitió la opinión del tribunal.

Luis Nicole, demandante en una acción de daños y perjuicios, embargó un camión. Alfonso Vázquez, quien no era parte en la acción, radicó una moción exponiendo que era dueño de una hipoteca sobre el camión embargado, debidamente inscrita, y pidiendo se anulara el embargo por no haber el demandante consignado en secretaría el importe de la hipoteca. Señalada la moción para vista, pidió el demandante se eliminara la moción por no haber solicitado y obtenido Vázquez permiso para intervenir. La corte resolvió "que el acreedor hipotecario debe radicar la correspondiente moción de intervención y luego se considerará la moción de

nulidad de embargo'' y entonces Vázquez radicó una solicitud de permiso para intervenir, fundada en la moción ya radicada. El demandante, Nicole, contestó la solicitud de intervención y la moción sobre nulidad de embargo, aduciendo distintas defensas de hecho y de derecho. Se celebró una vista (del récord no aparece ni la moción ni la orden de señalamiento), la cual se inició con el siguiente diálogo:

"Abogado del Interventor: Estamos listos, señor Juez.

Juez: . . . ¿De qué se trata?

Abogado del Interventor: . . . . . hemos solicitado la intervención . . . para que se declare nulo y sin ningún valor el embargo.

Juez: ¿Eso es lo que está en *issue* hoy?

¿La otra parte, qué dice sobre esto? ¿Cuál es la oposición a esta solicitud de intervención?

Abogado del Demandante: El issue está, en que se solicita una intervención por la parte interventora, la cual se basa, de acuerdo con la resolución anterior de la Corte de Distrito, en forma *nunc pro tunc,* en una moción de nulidad del embargo que se trabó. El fundamento de la intervención es la nulidad del embargo trabado en este caso bajo el supuesto derecho alegado por la parte interventora de una hipoteca sobre bienes muebles que tiene el interventor sobre el bien embargado.

Juez: ¿Que no ha consignado en la Corte el importe?

Abogado del Demandante: Exactamente. Ahora bien. *La Corte ha de resolver en el día de hoy si ese derecho es cierto, si esa hipoteca existe.*

Juez: Eso es cuestión de prueba.

Abogado del Demandante: *Y si de acuerdo con la ley existente, esa hipoteca y ese derecho que alega el interventor, procede la nulidad del embargo, para entonces resolver.*

Juez: Prueba.

Abogado del Interventor: Entonces vamos a ofrecer como prueba, señor Juez. . . .

Abogado del Demandante: En otras palabras, *vamos a consignar en récord que no tenemos oposición ninguna en cuanto al derecho de intervenir si eso fuera verdad.*

Juez: Aclarado eso como derecho, entonces, admite la intervención siempre que se pruebe lo que se alega.

Abogado del Demandante: Seguro.

Juez: ¿Qué está señalado para hoy, la moción de intervención?

Abogado del Demandante: *Con la nulidad del embargo.*'' (Bastardillas nuestras.)

Presentaron ambas partes entonces su prueba sobre los méritos de la moción sobre nulidad de embargo, y en definitiva la corte dictó resolución anulando el embargo. Apela el demandante, y el único error que señala es el que dice cometió la corte ''al resolver el incidente de intervención en sus méritos sin haber radicado el interventor su correspondiente *demanda de intervención* previo el correspondiente permiso para intervenir .... constituyendo la resolución apelada una sorpresa para el demandante apelante, ya que éste, creyendo que ... sólo se dilucidaría en dicha vista la SOLICITUD DE INTERVENCIÓN ... reservó su prueba o parte de la misma en lo concerniente a la nulidad y carácter simulado del contrato de hipoteca.'' ...

No existe el error imputado. La moción sobre nulidad de embargo constituyó la demanda de intervención, ya que exponía plenamente la causa de acción del interventor. Ni importa el nombre que se le dé a la alegación que exponga la reclamación de intervención, ni es preciso que se le ponga nombre.(1) El hecho de que se radicara la alegación del interventor antes de concederse permiso para intervenir tampoco constituye irregularidad alguna, y por el contrario está estrictamente de acuerdo con el procedimiento que marca la ley.(1) Si bien la moción o demanda del interventor se radicó antes que la solicitud de permiso para in-

---

(1)La Regla 24 (c) de las de Enjuiciamiento Civil reza así:

''*Procedimiento.*—Toda persona que deseare intervenir, notificará su moción de intervención a todas las partes que pudieran ser afectadas por dicho procedimiento. La moción expondrá las razones en que se base *y se acompañará de una alegación en que se establezca la reclamación o defensa que motive la intervención.*'' (Bastardillas nuestras.)

tervenir, ello en nada perjudicó al demandante apelante, quien contestó las alegaciones de la moción, estableció sus defensas de fraude, y entró a juicio sin exigir se resolviera previamente si se concedía o no permiso para intervenir, estipulando expresamente que se admitiera la intervención siempre que el interventor estableciera su caso en los méritos. Igualmente carece de fundamento la contención del apelante de que le sorprendió que la corte resolviera la intervención en sus méritos, porque entendía que sólo se había discutido y sometido la solicitud de permiso para intervenir, y por lo tanto dejó de presentar su prueba o parte de ella. Oigamos lo que dijo el abogado del demandante al terminar el interventor de establecer un caso *prima facie* de nulidad del embargo:

"Abogado del Demandante: Anunciamos a la Corte que vamos a probar nuestra moción de fraude, simulación y falta de causa o consideración en el contrato, mediante prueba oral."

Y al terminar el examen de los cuatro testigos del demandante, anunció su abogado que "Esta es toda la prueba."

Realmente se nos hace difícil comprender cómo puede el abogado del apelante comparecer ante este Tribunal y decir que no sabía que estaba ventilándose la moción sobre nulidad de embargo en su fondo. Si no lo sabía, lo disimuló con notable éxito. Sea ello como fuere, no tiene el apelante el más leve motivo de queja en cuanto a los procedimientos habidos, en los que tuvo plena oportunidad de exponer su caso, oportunidad que aprovechó plena, aunque infructuosamente.

*Debe confirmarse la resolución apelada.*