NILDA GERENA, representada por su madre FLORENTINA GERENA, demandante y apelante, *v.* ANA VICTORIA LAMELA, también conocida por ANA VICTORIA MONTALVO y ANITA LAMELA, demandada y apelada; y HERMANOS LAMELA ABRÉU, interventores y apelados.

Número 11269.

*Sometido:* 1 de marzo de 1955. *Resuelto:* 29 de junio de 1956.

*Bolívar Pagán,* abogado de la apelante; *García Méndez & García Hermida* y *Santiago Polanco Abréu,* abogados de los interventores.

EL JUEZ ASOCIADO SEÑOR BELAVAL emitió la opinión del Tribunal.

Este caso es una secuela del caso de Florentina Gerena, en representación de su hija menor *Nilda Gerena* v. *Tribunal Superior de Puerto Rico, Sala de Aguadilla,* núm. 2062, *certiorari,* resuelto por nosotros en esta misma fecha (ante pág. 571). Después de dictarse sentencia en este caso, declarando a Nilda Gerena hija natural reconocida de don Alfredo Lamela Abréu, en cuyo caso se demandó exclusivamente a otra hija natural, reconocida por sus tíos, y quien ya le había cedido a sus tíos todos sus derechos hereditarios, comparecieron dichos tíos, los hermanos Lamela Abréu, ante el Tribunal Superior de Puerto Rico, Sala de San Juan, solicitando intervención y reapertura del caso, las cuales les fueron concedidas por la ilustrada Sala sentenciadora, en una resolución después de sentencia.

En apelación ante nos, de la resolución que permitió la intervención de los hermanos Lamela Abréu y la reapertura del caso, la apelante señala los siguientes errores: (1) el tribunal apelado cometió error al autorizar la intervención de los hermanos Lamela Abréu después de haberse dictado sentencia firme en el presente caso; (2) el tribunal apelado cometió error al permitir la intervención, sin haber los interventores cumplido con la Ley, en cuanto a la necesaria notificación de la moción a todas las partes interesadas ni en cuanto a la necesaria presentación de demanda de intervención acompañada a la moción; (3) el tribunal apelado cometió error al declarar con lugar la intervención de los hermanos Lamela Abréu, habiéndose basado éstos en una alegada cesión de derechos que fué impugnada como nula ante el tri-

bunal apelado y no habiéndose dirimido la validez de tal cesión.

La ley aplicable al caso es la Regla 24 de las Reglas de Enjuiciamiento Civil de Puerto Rico, —32 Ap. L.P.R.A. pág. 647—, que dispone:

"(*a*) Intervención por Derecho. Mediante oportuna solicitud, cualquier persona tendrá derecho a intervenir en una acción (1) cuando un estatuto confiere un derecho incondicional a intervenir; (2) cuando la representación del interés del solicitante por las partes ya en el litigio fuere o pudiere ser inadecuada y el solicitante estuviere o pudiere resultar obligado por una sentencia en el pleito; (3) cuando el derecho del solicitante pudiere resultar adversamente afectado por una distribución o cualquier otra disposición de la propiedad que se hallare bajo la custodia de la corte o de un oficial de la misma.

"(*b*) Intervención Permisible. Mediante oportuna solicitud cualquier persona podrá obtener permiso para intervenir en una acción: (1) Cuando por ley se confiera un derecho condicional a intervenir; o (2) cuando la reclamación o defensa del solicitante y la acción principal tuvieren en común una cuestión de hecho o de derecho. Al ejercer su discreción, la Corte considerará si la intervención dilatará indebidamente o perjudicará la adjudicación de los derechos de las partes originales.

"(*c*) Procedimiento. Toda persona que deseare intervenir, notificará su moción de intervención a todas las partes que pudieran ser afectadas por dicho procedimiento. La moción expondrá las razones en que se base y se acompañará de una alegación en que se establezca la reclamación o defensa que motive la intervención."

En cuanto al error relacionado con la autorización de la intervención, después de sentencia, la apelante no tiene razón. Aunque la intervención, después de sentencia, no es usual y no se concede generalmente, la misma procede, sin embargo, cuando es la manera más eficaz de proteger los derechos de unos interventores, que de otra forma quedarían obligados por las resultancias del fallo, máxime en un caso como éste, en el cual la otra parte afectada por las resul-

tancias del fallo, no apela del mismo: 4 Moore's *Federal Practice* 16, sec. 24.13 (segunda ed. de Matthew Bender & Company de 1955) ; *Rodríguez* v. *Corte*, 68 D.P.R. 978, (Marrero), (1948), cita precisa a la pág. 981.

■■ En cuanto al segundo error relacionado con la falta de notificación y no haberse acompañado copia de la demanda de intervención a la moción de intervención, la peticionaria no tiene razón. Si bien es cierto que la moción de intervención sólo se le notificó al abogado de la demandante, según los autos, éste es un caso inusitado en que el abogado de la demandante, según los autos, resulta también abogado de la demandada, Ana Victoria Lamela, anteriormente conocida como Ana Victoria Montalvo y Anita Lamela, según los propios términos de la moción de intervención, donde se transcribe la carta de dicha Anita Lamela Montalvo a su anterior abogado, de fecha 11 de mayo de 1953, en la cual le informa haber nombrado al abogado de la demandante, en el caso en que se produce la intervención, abogado suyo "para que me represente en gestiones judiciales y extrajudiciales para reclamar todo lo que me debe corresponder en la herencia dejada por mi padre Alfredo Lamela Abréu".

Como se recordará, Anita Lamela Montalvo no compareció a contestar la demanda de su presunta hermana natural Nilda Gerena, se le anotó la rebeldía y la sentencia en su contra se registró, sin ella comparecer en el procedimiento, en el cual se produjo la intervención. Asumiendo, aunque sin resolverlo, que la posible nulidad de una cesión de derechos hereditarios, convirtiera a una parte en rebeldía en una acción de filiación, o declaración de herederos, en parte adversamente perjudicada, creemos que en este caso, hubo suficiente notificación, por resultar abogado de ambas partes, el abogado que fué notificado, máxime en un caso como éste, en el cual el abogado entró a juicio y tuvo la oportunidad de exponer su caso, *Nicole* v. *Montalvo*, 66 D.P.R. 341, (Córdova Díaz) (1946), cita precisa a la pág. 345.

 En cuanto al extremo de no haberse acompañado a la solicitud de permiso para intervenir, copia de la demanda de intervención, se trata de una moción extensa en la cual se alegan, todos los fundamentos necesarios para una demanda de intervención. Como cuestión de realidad, el error ha debido señalarse a la inversa, o sea, que se trata de una demanda de intervención no precedida por la correspondiente solicitud de intervención. Ya hemos resuelto que una alegación que exponga los fundamentos necesarios para una intervención, es suficiente, no empece el nombre que se le dé o aún cuando se omita darle nombre alguno, y aunque se radique antes de concederse el permiso para intervenir: *Nicole v. Montalvo,* supra, cita precisa a la pág. 344. Para nosotros es claro, que en este caso, la moción de los interventores resulta suficiente, tanto como solicitud que como demanda de intervención. El hecho de incluirse todas las alegaciones en un sólo escrito, no debe alterar la situación remedial.

 En cuanto al tercer error relacionado con la afirmación de la apelante que los hermanos Lamela Abréu no tenían derecho a intervenir por haberse impugnado la cesión de derechos hereditarios que les hizo su sobrina Anita Lamela Montalvo, el mismo carece de méritos. Mientras dicha cesión no sea anulada, el estado de derecho que creó dicha cesión convierte a los hermanos Lamela Abréu, en parte interesada en cualquiera litigación directa o indirectamente relacionada con los bienes cedidos.

*Debe confirmarse la resolución apelada.*

Los Jueces Asociados Sres. Sifre y Saldaña concurren en el resultado.

El Juez Asociado Sr. Pérez Pimentel no intervino.