# 95 DTA 52

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE SAN JUAN I

NILDA ALVAREZ DE CARABALLO
Demandante-Recurrida

v.

CELESTE BENITEZ, SECRETARIA DE EDUCACION, ET ALS
Demandada-Recurrida

v.

LORELEI LÓPEZ NIEVES
Interventora-Peticionaria

Núm. KLCE-95-00011

San Juan, Puerto Rico, a 10 de abril de 1995

Panel integrado por su presidente, el Juez Rossy García
y los Jueces Alfonso de Cumpiano y Negrón Soto

Alfonso de Cumpiano, Juez Ponente

**TEXTO COMPLETO DE LA SENTENCIA**

Se nos solicita mediante petición de *certiorari*, la revisión de la denegatoria de 18 de enero de 1995 del Tribunal de Distrito sobre la solicitud de intervención de la peticionaria, Prof. Lorelei López Nieves (Prof. López), presentada con posterioridad al dictamen de sentencia en

el caso de epígrafe. Como argumentos, la peticionaria alega que era parte indispensable y no fue notificada de los procedimientos ante el tribunal de instancia, que la sentencia afectaba sus derechos en su puesto de maestra y que no se agotaron los procedimientos administrativos.

# I

La controversia surge ante una reclamación judicial instada por la Prof. Nilda Alvarez de Caraballo (Prof. Alvarez) contra el Departamento de Educación (el Departamento) que culminó en sentencia enmendada de 22 de diciembre de 1994. Mediante ésta, el tribunal ordenó que se reasignara a la Prof. Alvarez a la plaza de maestra de salud a nivel de escuela superior en la Escuela Amalia Marín de Río Piedras y ordenó al Departamento el pago de $10,000 a su favor por concepto de daños y perjuicios. Basó el tribunal su determinación, en síntesis, en que el.Departamento desatendió por ocho (8) años el reclamo de la Prof. Alvarez de reasignar su plaza como maestra de salud, habiendo ejercido por largos años en tal capacidad; el haberse otorgado dicha plaza a otra profesora, la aquí peticionaria Prof. López; y en la falta de prueba del Estado para rebatir toda la evidencia que presentó la Prof. Alvarez.

Con posterioridad a la sentencia, el 23 de diciembre de 1994, la Prof. López solicitó intervención al amparo de la Regla 21 de Procedimiento Civil, 32 L.P.R.A. Ap. III, bajo los mismos argumentos que presenta ante este tribunal. A dicha solicitud el Tribunal de Distrito dictaminó no ha lugar, determinación de la que se recurre.

Previa a nuestra orden al efecto, el Departamento arguye que la Prof. López tiene *"posiblemente algún derecho"* e interés, pues el efecto práctico de la determinación judicial es que la saca de su plaza y coloca en ésta a la Prof. Alvarez. Sostiene que la peticionaria era parte indispensable y que debieron agotarse los remedios administrativos ante la Junta de Apelaciones del Sistema de Educación Pública (J.A.S.E.P.) previo a la sentencia. Expone además la trayectoria procesal del caso y nos indica el representante legal del Departamento que no era el abogado de récord durante ésta.

Por otro lado, la Prof. Alvarez solicita la desestimación del recurso alegando que éste no le fue notificado en la misma fecha de su presentación, conforme la Regla 18(C) del Reglamento del Tribunal de Circuito de Apelaciones.

Ante la naturaleza de los planteamientos sobre falta de participación en el proceso judicial, y a los fines de estar en mejor posición de determinar la procedencia o no de la expedición del recurso, ordenamos la elevación de los autos originales. Examinados dichos autos, entendemos que no erró el tribunal en su denegatoria a la intervención solicitada y que por ende no procede la expedición del recurso por las razones que a continuación señalamos.

# II

En primer término, respecto al planteamiento de la desestimación debemos señalar que es cierto que la notificación del recurso no se efectuó en o antes de la fecha de su presentación, aún cuando la peticionaria así lo certificó a este Tribunal. No obstante, surge de los documentos que se notificó dentro del término de treinta (30) días que dispone el Artículo 4.002(c) de la Ley Núm. 1 de 28 de julio de 1994, Ley de la Judicatura de 1994. Este término no es de naturaleza jurisdiccional sino de estricto cumplimiento.

De ordinario, procedería la desestimación del recurso por el incumplimiento con las normas reglamentarias, más aún, ante la certificación contenida en el recurso de haberse notificado a la representación legal de la recurrida a la dirección correcta. Sin embargo, ante el hecho de que no se trata de un término jurisdiccional, que se notificó dentro del término para instar el recurso, que no ha mediado perjuicio, ya que la recurrida ha tenido oportunidad de expresarse, que se notificó al Departamento el recurso en o antes de su

presentación y tomando en cuenta las circunstancias procesales que han mediado en este caso, denegamos la desestimación.

No empece lo anterior, hacemos el señalamiento al abogado de la peticionaria que el certificar al tribunal actos bajo su firma que no se han efectuado es altamente impropio y podría acarrear la imposición de sanciones. Regla 9 de las de Procedimiento Civil.

Como veremos más adelante, el Departamento tampoco puso a este Tribunal en condiciones de conocer la trayectoria procesal pertinente a la controversia bajo nuestra consideración y su participación en el procedimiento de instancia, lo que contrasta con la posición asumida ante este Tribunal a los efectos de que se permita la intervención en esta etapa y se remita el caso para dilucidación ante J.A.S.E.P. Esa posición es a nuestro juicio improcedente, ante las particulares circunstancias del presente caso.

Nuestros anteriores señalamientos encuentran apoyo en los autos originales. De éstos surge que la Prof. López impugnó ante el Departamento la plaza que ostentaba la Prof. Alvarez como maestra de salud en la escuela superior de la Escuela Amalia Marín y solicitó se le asignara dicha plaza a ella. Aparentemente por estipulación con el Departamento logró este objetivo y pasó a ocupar la plaza en cuestión en agosto de 1992. Ello trajo como resultado que la Prof. Alvarez acudiera pocos días después al Tribunal Superior con una solicitud de *injunction* para que se le reclasificara su plaza a la de maestra de salud a nivel de escuela superior.█ y para que se le concedieran daños y perjuicios ante las acciones del Departamento.

Mediante sentencia parcial de 21 de agosto de 1992 dicho tribunal desestimó la reclamación de *injunction* bajo el fundamento que la reclasificación solicitada debía ser previamente encauzada bajo el procedimiento administrativo. Con igual fecha ordenó el traslado de la acción de daños y perjuicios al Tribunal de Distrito por ser de su competencia en razón de la cuantía envuelta. El 12 de septiembre de 1992 se reasignó la plaza de la Prof. Alvarez a la de maestra de salud en la misma escuela, pero a nivel intermedio.

Surge también de los autos originales que el 23 de octubre de 1992 la Prof. Alvarez presentó su querella ante el Departamento exponiendo su situación y específicamente solicitando una investigación en cuanto al nombramiento de la Prof. López como maestra de salud a nivel de escuela superior cuando a ella le correspondía dicha plaza por haberla ostentado por largos años. El 25 de marzo de 1993 el Secretario de Educación declaró sin lugar la impugnación señalando que conforme la ley y las normas, la reubicación de un maestro dentro de una de las categorías correspondía al Superintendente de Escuelas a petición del maestro o por necesidades de servicio. Además, que el puesto de la Prof. Alvarez a nivel de escuela intermedia conllevaría el mismo sueldo y status que un puesto en la misma categoría de escuela superior.█

Dentro del término correspondiente y según las advertencias contenidas en la comunicación antes referida la Prof. Alvarez apeló el 14 de abril de 1993 la decisión del Secretario ante J.A.S.E.P. Ante la inacción de J.A.S.E.P. prosiguió con el trámite judicial ante el Tribunal de Distrito. El récord demuestra que el tribunal, ante esas circunstancias, declinó acoger la posición del Departamento de desestimar por prescripción y por falta de agotamiento del proceso administrativo.█

Continuado el proceso, la Prof. Alvarez probó su caso ante el tribunal. A través de éste, el Departamento tuvo oportunidad de notificar a la Prof. López si algún derecho se le perjudicaba. Aún cuando la Prof. Alvarez no la incluyó como parte en el pleito, el Departamento tenía claro conocimiento de la pugna por esta plaza entre las dos empleadas y aparentemente entendió que la Prof. López no era parte afectada. La anterior apreciación

tiene su base en el conocimiento que tiene el Departamento del Reglamento Procesal de J.A.S.E.P. número 4601 de 1991, en cuyo artículo 24b se indica lo siguiente:

*"Iniciado cualquier procedimiento adjudicativo ante la Junta, ésta podrá, a iniciativa propia o a solicitud de parte legítimamente interesada, requerir de las partes que éstas notifiquen de la existencia de dicho procedimiento a cualquier persona natural o jurídica que **pueda resultar afectada por el mismo**. Podrá, además, y previa solicitud al efecto, autorizar la comparecencia, como parte interventora en el procedimiento adjudicativo, de la persona así afectada".*

Por esa razón, nos extraña sobremanera la posición ahora asumida por el Departamento de que se permita la intervención cuando no lo reconoció así a través de todo el proceso judicial.

Como antes señalado, la posición del Departamento durante el trámite administrativo fue a los efectos que la ubicación de la plaza en cuestión dependía de las necesidades del servicio y de que ésta se solicitara. La determinación judicial ordenando su asignación a la Prof. Alvarez, por entender que ésta la venía solicitando por varios años, y dadas las circunstancias de injusticia que encontró probadas, es sostenible.

Claro está, ningún derecho adquirido por la Prof. López puede ser menoscabado por el Departamento al poner en ejecución la sentencia, sin que se sigan los postulados del debido proceso de ley. No obstante, no debe utilizarse el mecanismo de intervención tardía para tratar de impedir el resultado de un dictamen judicial que a todas luces fue justo y estuvo sustentado por prueba y basado en las posiciones asumidas por las partes ante el tribunal. El examen de los autos originales revelan que la Prof. López no podía estar ajena a los reclamos de la Prof. Alvarez, debido a las comunicaciones de compañeras profesoras a su favor, trámites en la Escuela Amalia Marín ante la situación surgida entre ambas profesoras y de que la representación legal de la Prof. López que impugnó la plaza de la Prof. Alvarez es la misma representación que acude ante nos. No es convincente el alegado desconocimiento de la Prof. López de los procesos judiciales instados por la Prof. Alvarez para recuperar su plaza.

Aunque ese conocimiento no excluye su derecho a intervención de ser parte con algún derecho o interés propietario, nuestro dictamen encuentra también apoyo en las normas legales y jurisprudenciales vigentes. El procedimiento de intervención en un pleito es un mecanismo mediante el cual una persona que no es parte en el pleito comparece, voluntariamente o por necesidad, a presentar una reclamación o una defensa en una acción pendiente y se convierte de ese modo en parte para fines de la reclamación o defensa presentada. La Prof. López presentó su solicitud de intervención bajo la Regla 21.1 de las Reglas de Procedimiento Civil que regula la intervención como cuestión de derecho. Esta dispone que:

*"Mediante **oportuna solicitud**, cualquier persona tendrá derecho a intervenir en un pleito (a) cuando por ley o por estas reglas se le confiere un derecho incondicional a intervenir; o (b) **cuando el solicitante reclama algún derecho o interés en la propiedad o asunto objeto del litigio que pudiere de hecho quedar afectado con la disposición final del pleito."***
(énfasis suplido).

32 L.P.R.A. Ap. III, Regla 21.1.

Uno de los aspectos de mayor importancia para determinar si procede o no la concesión de la intervención es el momento en que se presenta la solicitud de intervención. Esta es una cuestión discrecional que no será alterada en revisión por el tribunal apelativo, a menos que se demuestre un abuso de discreción. J. Cuevas Segarra, *Práctica Procesal Puertorriqueña, Procedimiento Civil,* Publicaciones J.T.S., San Juan, 1979, Análisis Editorial, pág. 109. En

casos de intervención post-sentencia, como el presente, el Tribunal Supremo ha expresado que:

*"Aunque la intervención, después de sentencia, no es usual y no se concede generalmente, la misma procede, sin embargo, cuando es la manera más eficaz de proteger los derechos de unos interventores, que de otra forma quedarían obligados por las resultancias del fallo, máxime en un caso...en el cual la otra parte afectada por las resultancias del fallo, no apela del mismo".*

*Gerena v. Lamela,* 79 D.P.R. 578, 580-581 (1956).

En otras palabras, su concesión *"reviste carácter excepcional, y sólo poderosas razones la justifican." Westerband v. Tribunal Superior,* 96 D.P.R. 371, 394 (1968) (Opinión concurrente del Juez Asociado Señor Blanco Lugo).

El criterio para determinar si se reconoce o no a un peticionario el derecho de intervención es práctico y no conceptual. *Ready Mix Concrete Inc. v. Ramírez de Arellano y Co., Inc.,* 110 D.P.R. 869, 873 (1981). Es decir, está limitado por criterios tales como los siguientes: (1) si existe de hecho un interés que amerite protección; y (2) si quedaría afectado, como cuestión práctica, por la ausencia del interventor en el caso. La determinación final depende del balance o equilibrio a lograrse entre el interés en la economía procesal representada por la solución en un sólo pleito de varias cuestiones relacionadas entre sí y el interés en evitar que los pleitos se compliquen y eternicen innecesariamente. *Chase Manhattan Bank v. Nesglo Inc.,* 111 D.P.R. 767, 770 (1981).

Por su parte, la Regla 16.1 de las Reglas de Procedimiento Civil, define el término parte indispensable como *"las personas que tuviesen un interés común sin cuya presencia no pueda adjudicarse la controversia...".* 32 L.P.R.A. Ap. III. La jurisprudencia, a su vez, ha identificado parte indispensable como aquella persona cuyos derechos e intereses podrían quedar destruidos o inevitablemente afectados por una sentencia dictada estando ésta ausente del litigio. *Cepeda Torres v. García Ortiz,* ___ D.P.R. ___ (1993), **93 J.T.S. 20**, pág. 10395, 10396.

El fin tras el precepto procesal contenido en la Regla 16.1, *supra,* es proteger a las personas de los efectos perjudiciales que un dictamen judicial emitido en ausencia pudiera tener sobre sus derechos e intereses, es decir, no privarlas de su libertad o propiedad sin el debido proceso de ley y evitar la multiplicidad de pleitos mediante un remedio efectivo y completo. Torres v. Aponte, ___ D.P.R. ___ (1994), **94 J.T.S. 12.** Respecto a la frase *"remedio completo"* el Tribunal Supremo ha expresado que ello se refiere al remedio entre las personas y entidades que ya son partes en el pleito y no al obtenible entre una parte y el ausente. *Hernández Agosto v. López Nieves,* 114 D.P.R. 601 (1983); *Acosta Quiñones v. Matos Rodríguez,* D.P.R. (1994), **94 J.T.S. 43**, pág. 11736-11737.

En definitiva, analizada la naturaleza de la acción judicial instada, el remedio solicitado, el hecho de que la Prof. López no ha sustentado que el dictamen final le perjudicará algún interés propietario y que el Departamento no puede perjudicarle cualquier derecho sin darle el debido proceso de ley, no cometió error el tribunal en la denegatoria a la solicitud de intervención.

### III
En virtud de todo lo anterior, se deniega la expedición del recurso.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

### ESCOLIOS 95 DTA 52

**1.** Véase por analogía la Regla 53.2 de las de Procedimiento Civil y lo resuelto en *González Santos v. Bourns*, \_\_\_ D.P.R. \_\_\_ (1989), **89 J.T.S. 107,** pág. 7273.

**2.** Su plaza estaba clasificada bajo Historia Secundaria.

**3.** Autos originales, Exhibit 30, Moción informativa de la recurrida de 27 de octubre de 1994.

**4.** La resolución denegando la moción de desestimación tiene fecha de 7 de febrero de 1994. El 23 de junio de 1994 el tribunal denegó otra moción de desestimación basada en que la demanda no exponía hechos que justifiquen la reclamación de un remedio.