Miranda De Hostos, Juez Ponente
*922 TEXTO COMPLETO DE LA RESOLUCION
En el presente recurso de certiorari se nos solicita que dejemos sin efecto una resolución del Tribunal de Primera Instancia, Sübsección de Distrito; Sala de San Juan, con fecha del 9 de marzo de 1995 y notificada el día siguiente.
Dicha resolución es sobre una demanda para que se ponga en vigor una orden del Departamento de Asuntos del Consumidor (DACO) que requiere la eliminación de ciertos árboles de goma y un húcar, cuyas raíces han afectado estructuralmente las residencias de los recurridos.
En la orden de DACO se requiere a los recurridos Junta de Directores del Condominio Monte Sur, que eliminen los referidos árboles, hecho éste que se realizó por dicha parte con excepción de un árbol, objeto de la controversia que aquí nos ocupa.
Sostienen los peticionarios que el árbol en controversia, un Laurel de la India, está incluido dentro ' de la orden de DACO del-15 de julio de 1995 (sic) 1994, donde se dispone que "[s]e eliminen todos los árboles de goma y el árbol de húcar frente al Townhouse G-501 y se sustituyan.por otros tipos de árboles." El tribunal de instancia no acogió sus planteamientos y rehusó poner en vigor la orden referente al árbol que da lugar a esta controversia.
Los peticionarios inconformes recurren alegando la comisión de tres errores por parte del tribunal de instancia:

"1. Erró el Honorable Tribunal de instancia al admitir una intervención en la etapa de cumplimiento de una Resolución administrativa final y firme. Ello, no empece el que los interventores no habían utilizado los mecanismos a su alcance para impugnar lo determinado por el Consejo de Titulares y DACO en cuanto a la necesidad de eliminar los árboles perjudiciales. Para así obrar el Juzgador no evaluó el daño al perjudicado ni siguió los criterios para permitir intervenciones post-sentencia.

2. Erró el Honorable Tribunal de instancia al negarse a poner en vigor la Resolución y Orden de DACO la cual dispone el corte de un árbol que está arruinando una vivienda, sólo porque la agencia cuasi judicial, en su Resolución, usó el término genérico de árbol de goma para las distintas variedades y no especificó. Al así actuar incidió al no conceder deferencia a la agencia especializada en sus determinaciones. Máxime cuando la apreciación judicial es errónea en lo botánico.

3. Erró el Honorable Tribunal al no resolver la existencia de desacato ni hacer cumplir la orden administrativa. Ello para disponer la celebración de una segunda vista, donde relitigar lo ya adjudicado, para beneficio de unos presuntos interventores post sentencia, quienes habían renunciado a participar en el proceso. Con ello se ha incumplido la función judicial en perjuicio de los recurrentes."

El día 25 de mayo de 1995 emitimos una orden a los fines de que las partes presentaran sus posiciones. Analizados los argumentos de las partes, denegamos expedir el auto de certiorari por los siguientes fundamentos.
I
Plantean los peticionarios, como primer error, el que se permita la intervención por parte de los interventores en esta etapa de los procedimientos, —a nivel de revisión en el tribunal de instancia — , ya que éstos no ejercieron sus derechos a lo largo del proceso administrativo ante DACO. Concluimos que no le asiste la razón por los siguientes fundamentos.
Uno de los aspectos de mayor importancia, ya sea en las instancias de intervención como cuestión de derecho, o en las de intervención permisible, es el momento en que se presenta la solicitud de intervención. No existe un término talismático que resuelva el problema. José A. Cuevas Segarra en su obra Práctica Procesal Puertorriqueña, Procedimiento Civil, Publicaciones J.T.S. , 1984, pág. 108, nos dice que "[Lja prontitud de la solicitud debe ser determinada tomando en cuenta múltiples factores. Es una cuestión discrecional que no será alterada en revisión por el tribunal apelativo, a *923 menos que se demuestre un abuso de discreción".
Sobre la intervención post-sentencia, el Tribunal Supremo expresó en Gerena v. Lamela, 79 D.P.R. 580-581, (1956), que:

"Aunque la intervención, después de sentencia, no es usual y no se concede generalmente, la misma procede, sin embargo, cuando es la manera más eficaz de proteger los derechos de unos interventores, que de otra forma quedarían obligados por las resultancias del fallo, máxime en un caso como éste, en el cual la otra parte afectada por lás resultancias del fallo, no apela del mismo."

Por otro lado, en Mercado Riera v. Tribunal Superior, 89 D.P.R. 276, 281 (1963), el Tribunal Supremo expresó que "[hjemos aceptado la intervención aun después de haberse dictado sentencia,... cuando es la única forma en que la parte que la solicita puede defender sus derechos." (Enfasis suplido).
En el caso ante nuestra consideración la parte interventora aquí recurrida ampara su derecho a intervenir en la Regla 21.1(b) de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, la cual dispone:

"Mediante oportuna solicitud, cualquier persona tendrá derecho a intervenir en un pleito (a) cuando por ley o por estas reglas se le confiere un derecho incondicional a intervenir; o (b) cuando el solicitante reclame algún derecho o interés en la propiedad o asunto objeto del litigio que pudiere de hecho quedar afectado con la disposición final del pleito".

Parece claro que el lenguaje de la regla permite la intervención de una parte que alega que posee un interés en la propiedad objeto del litigio.
La actual redacción de la regla recoge la tendencia expansionista que viene manifestándose en esta área procesal desde que en 1966 se enmendó la Regla 24 Federal de la cual procede nuestra Regla 21, para permitir con mayor liberalidad la intervención de personas no incluidas originalmente como partes en un pleito. R. Mix Concrete v. R. Arellano & Co., 110 D.P.R. 869, 873 (1981).
La Regla 21.1 antes citada impone límites a la intervención. El solicitante debe reclamar algún derecho o interés en la propiedad o asunto objeto del litigio y debe demostrar que tal derecho o interés puede, de hecho, quedar afectado por la disposición final del pleito.
El análisis puede variar de caso a caso, la decisión dependerá del equilibrio a lograrse en la situación específica entre los valores en conflicto, el interés en la economía procesal y el interés en evitar que los pleitos se compliquen y eternicen innecesariamente. Chase Manhattan Bank v. Nesglo, Inc., 111 D.P.R. 767, 770 (1981). Es cierto, tal y como argumentan los peticionarios que la orden de DACO era final y firme, no obstante aún en estos casos se puede permitir una intervención. Sobre todo en una situación como la presente donde no surge de la orden de la agencia la inclusión del referido árbol en controversia y en la misma se presenta una controversia sobre un interés propietario. Tomando en consideración la naturaleza urgente de la intervención, —en este caso se planeaba cortar un árbol — , por lo que de no acogerse la intervención y de haberse procedido con la tala, cualquier recurso posterior hubiese resultado académico.
Nos convence el argumento de la parte interventora de que el árbol en cuestión, no estaba incluido dentro de la orden original de DACO, emitida el día 15 de julio de 1995 (sic) 1994. Razón ésta para que los interventores aquí recurridos en ese momento no hubiesen utilizado los términos que a su disposición les confiere la ley para solicitar la reconsideración de la determinación de la agencia, ya que la misma no le afectaba o le era perjudicial. Srio. de DACO v. J. Condominios C. Martí, 121 D.P.R. 807, 821-822 (1988). Por lo cual la intervención era el único mecanismo procesal que tenían disponible los aquí recurridos, para cuestionar la determinación de DACO, cuando adviene en conocimiento que se verían afectados. CF. Asoc. Res. Parque Montebello v. Montebello Development Corp., opinión de 2 de mayo de 1995, 95 J.T.S. 54 pág. 860-61.
Considerados los fundamentos antes expuestos, concluimos que la solicitud de intervención, que acogió el tribunal de instancia en el presente caso, fue válida, y procedía en derecho.
*924 II
Por tratarse de errores similares discutiremos conjuntamente el segundo y tercero error señalados por los peticionarios'. En resumen, en dichos errores se alegan lá negativa del tribunal de instancia de poner en vigor la orden de DACO. Fue la conclusión del tribunal de instancia que:
"[l]uego de analizados los planteamientos de las partes, así como los escritos radicados y de haber realizado una exhaustiva investigación que incluyó lecturas y consultas a funcionarios del Jardín Botánico de la Estación Experimental Agrícola, concluye que el árbol denominado como Laurel de la India (ficus benjamina) goza de características distintas al árbol de goma (ficus elástica) y el Examinador que entendió en la resolución emitida por DACO debió haberlo designado como tal para que todo el que se afectare por su determinación pudiesednvocar el debido procedimiento de ley que le correspondiese en su momento. Al no hacerlo así no podemos concluir que real y efectivamente procede la remoción del Laurel de la India (ficus benjamina) y por ende a los demandados no se les puede encontrar incurso en incumplimiento de la resolución del DACO." (Enfasis suplido).
Cabe destacar que la querella presentada que da motivo a la orden antes mencionada solicitaba la remoción de dos (2) árboles; un húcar y un árbol-de la-familia del Laurel-de la India. No obstante DACO al resolver la misma no los-define específicamente como tal y limita la remoción a todos los árboles de goma y un árbol de úcar. 
De la evaluación de los documentos que obran en autos nos vemos precisados a llegar a la misma conclusión a la cual llegó el tribunal de instancia, de que el árbol de Laurel de la India goza de características que lo distinguen del árbol de goma y que DACO incidió al no tipificar los árboles a ser removidos, de manera que se evitaran controversias.
No estando presente en el caso de autos criterios que nos permitan diferir de la conclusión a la cual llegó el tribunal de instancia, debemos sostener la misma. Por lo cual concluimos que tampoco se cometieron el segundo y tercer error señalados.
III
Es norma reconocida que "je]n ausencia de error manifiesto, pasión, perjuicio o parcialidad, un tribunal apelativo no debe intervenir con la apreciación de la prueba que haga un tribunal de instancia." Fermín Orta y otros v. Pedro A. Padilla Ayala, 8 de febrero de 1995, 95 J.T.S. 21 pág. 668; Rivera Pérez v. Cruz Corchado, 119 D.P.R. 8, 14 (1987).
Por los anteriores fundamentos se deniega expedir el.auto de certiorari solicitado. 
Lo acordó el Tribunal y lo certifica la Secretaria General.
María de la C. González Cruz
Secretaria General
ESCOLIOS 95 DTA 234
1. El día 15 de mayo de 1995, mediante resolución de este tribunal se acogió el recurso como uno de certiorari a virtud del Art. 4.002(c) de la Ley Núm. 1 de 28 de junio de 1994, conocida como Ley de la Judicatura.
2. La Junta de Directores del Condominio Monte Sur, presentó su posición el día 26 de julio de 1995, durante el receso del tribunal lo cual dilató la resolución del recurso.
3. Apéndice, págs. 16 a 18.
4. Apéndice, pág. 8.
5. Conforme la Resolución emitida por el Tribunal Primera Instancia, DACO deberá disponer del asunto con mayor celeridad a los fines de garantizar la paz social de dicha comunidad e informar al tribunal recurrido, en término de diez (10) días las gestiones realizadas para dar cumplimiento a la misma.