# 98 DTA 209

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL II DE BAYAMON
PANEL SUSTITUTO I**

SONIA M. ORTIZ JIMENEZ, VICTOR RAFAEL GIL NAVEDO
EX PARTE
Peticionarios-Recurridos

DIANA DELIA SOTO TORRENS, EN INTERES DE SUS HIJAS
MENORES DE EDAD CONNIE ANN GIL SOTO Y DIANA MARIA GIL SOTO
Peticionaria

Núm. KLCE-98-00338

San Juan, Puerto Rico, a 17 de agosto de 1998

Panel integrado por su Presidenta, Juez señora Rivera de Martínez
y los Jueces señor Soler Aquino y señor Rivera Pérez

Rivera Pérez, Juez Ponente

Mediante el presente recurso se solicita de esta Curia la revocación de una resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón, el 19 de febrero de 1998, notificada a las partes el 5 de marzo de 1998. En dicha resolución, el Tribunal declaró no ha lugar cierta moción de intervención y anulación de sentencia que presentara la parte aquí peticionaria. No estando conforme con el referido dictamen, la parte aquí peticionaria acude ante nos. Se deniega la expedición del auto solicitado.

Según surge del expediente que obra en autos, durante el matrimonio habido entre la señora Diana Delia Soto Torrens y el aquí recurrido, señor Víctor Rafael Gil Navedo, éstos procrearon a las menores Connie Ann y Diana María. Disuelto dicho vínculo matrimonial, el aquí recurrido, señor Víctor Rafael Gil Navedo, contrajo nupcias con la aquí recurrida, señora Sonia M. Ortiz Jiménez, procreando al menor Víctor Enrique.

El 20 de octubre de 1997, los aquí recurridos presentaron ante el Tribunal de Primera Instancia, Sala Superior de Bayamón, una petición de divorcio por consentimiento mutuo, [1] la cual fue enmendada el 24 de octubre de 1997. En la misma se estipuló, en parte, lo siguiente: (a) que el señor Gil Navedo pasaría una pensión alimentaria ascendente a $500.00 mensuales para beneficio del menor Víctor Enrique Gil Ortiz; (b) que el señor Gil Navedo le donaría su participación en la propiedad comprada por ambos en la Urbanización Marina Bahía Plaza en Cataño a la aquí recurrida, señora Ortiz Jiménez; [2] (c) que la señora Ortiz Jiménez mantendría para sí varias cuentas de ahorros y de retiro ascendentes a la cantidad de $75,866.00, así como el mobiliario de la casa, valorado en $5,000.00; (d) que el señor Gil Navedo mantendría para sí una cuenta *"IRA"* de $2,372 98, un seguro de vida de $2,521.68, y certificados de ahorro de $5,101.21, además del terreno *"Sun & Lakes"* localizado en el Estado de la Florida y valorado en $1,700.00. ■

El 31 de octubre de 1997, el Tribunal de Primera Instancia, Sala Superior de Bayamón, dictó sentencia de divorcio en el caso de autos, declarando disuelto por consentimiento mutuo el vínculo matrimonial existente hasta entonces entre los aquí recurridos. ■

El 29 de enero de 1998, la parte aquí peticionaria presentó ante el Tribunal de Primera Instancia un escrito titulado *"Moción de Intervención y Solicitando Anulación de Sentencia"* ■ En el mismo se solicitó intervención en virtud de la Regla 21.1(b) de las de Procedimiento Civil, ■ alegando que en las referidas estipulaciones el recurrido había dispuesto de sus bienes de manera ilegal y fraudulenta, privando de los derechos e intereses sobre los mismos a las menores Connie Ann y Diana María Gil Soto. En dicha comparecencia la parte aquí peticionaria señaló que las donaciones y cesiones realizadas por el recurrido, señor Gil Navedo, a la aquí recurrida, señora Ortiz Jiménez, por razón del divorcio, eran nulas e inoficiosas, ya que excedían el tercio de libre disposición del caudal personal de éste.

Indicó la peticionaria que el divorcio efectuado por los aquí recurridos era uno fraudulento, teniendo como único propósito el de negar a las menores Gil Soto la pensión alimentaria a la que tienen derecho en ley. Alegó, además, dicha parte, que la petición de divorcio fue presentada el 20 de octubre de 1997, luego de que el 20 de julio de 1997 la aquí peticionaria radicara una *"Moción de Desacato, de Aumento de Pensión Alimentaria y de Modificación de Relaciones Paterno-filiales"*. ■ Señaló finalmente la parte aquí peticionaria, que luego de disuelto por sentencia el vínculo matrimonial habido entre los aquí recurridos, éstos han continuado conviviendo como marido y mujer, permaneciendo inalterada la relación entre ambos.

El 19 de febrero de 1998, el Tribunal de Primera Instancia, Sala Superior de Bayamón, emitió resolución declarando no ha lugar la moción de intervención y anulación de sentencia presentada por las aquí peticionarias. ■ Luego de que dicha parte solicitara reconsideración del anterior dictamen, sin que el mismo fuera acogido, acude ante nos señalando como único error cometido por el Tribunal de Primera Instancia lo siguiente:

*"Erró el Tribunal de Primera Instancia al denegar la solicitud de intervención de la aquí peticionaria y al no anular el divorcio concedido a los recurridos."*

## II

La controversia que presenta ante esta Curia el caso de autos se limita a determinar primeramente si la parte aquí peticionaria tenía derecho a intervenir en el proceso judicial de divorcio por consentimiento mutuo de su padre, luego de dictada sentencia en el mismo. Resolvemos que la contestación a la anterior interrogante es en la negativa. Veamos.

La intervención es la institución procesal mediante la cual un tercero puede constituirse en parte litigante en un proceso. ■ Debido a que la intervención debe ser oportuna, el tribunal debe determinar, dentro de su facultad discrecional, si ha de permitirla, lo cual dependerá de la etapa en que se encuentre el proceso y lo que pretenda el interventor. ■

La Regla 21.1 de las de Procedimiento Civil, *supra*, prescribe en cuanto a la procedencia de una intervención como cuestión de derecho:

*"Mediante oportuna solicitud, cualquier persona tendrá derecho a intervenir en un pleito (a) cuando por ley o por estas reglas se le confiere un derecho incondicional a intervenir; o (b) cuando el solicitante reclame algún derecho o interés en la propiedad o asunto objeto del litigio que pudiere de hecho quedar afectado con la disposición final del pleito."*

La persona que solicita intervención en un pleito al amparo de la anterior regla, tiene la obligación de demostrar que posee un reclamo de algún derecho o interés en la propiedad o asunto objeto del litigio y demostrar que tal derecho o interés podría de alguna forma afectarse por la disposición final del litigio. ■ Al evaluar una petición de intervención deben prevalecer criterios que sean de orden pragmático. El tribunal debe considerar si: (a) existe un interés que amerite protección; y (b) si quedaría afectado como cuestión práctica tal interés por la ausencia del interventor en el caso. ■

Aunque la regla en cuestión debe ser interpretada de forma liberal, ello en forma alguna equivale a que se autoricen intervenciones de forma indiscriminada, o que se deba aplicar el principio de que toda duda debe resolverse a favor de la intervención. ■ Al adjudicar una solicitud de intervención debe lograrse un balance entre el interés en la economía procesal de solucionar en un sólo pleito varias cuestiones relacionadas entre sí, junto con el de evitar que los pleitos se vuelvan complejos y eternos. ■

Por otro lado, es imperativo señalar que como regla general las solicitudes de intervención luego de dictada sentencia en el pleito no son concedidas. Sin embargo, las mismas procederán cuando se demuestre que es la manera más eficaz de proteger los derechos de unos interventores, que de otra forma quedarían obligados por las resultancias del fallo. ■

En su escrito de *certiorari*, la parte aquí peticionaria invoca su derecho de intervención en el caso de epígrafe, conforme a las disposiciones de la Regla 21.1(b) de las de Procedimiento Civil, *supra*. No obstante, evaluadas las circunstancias del presente recurso nos vemos en la obligación de concluir-que la solicitud de intervención sometida por la aquí peticionaria ante el Tribunal de Primera Instancia, luego de dictada sentencia, era improcedente como cuestión de derecho. La parte aquí peticionaria no sólo presentó la misma tardíamente, sino que no ha podido demostrar la existencia de un derecho o interés en los bienes objeto de las estipulaciones en cuestión, que justifique la intervención de las mismas en el pleito de divorcio de su padre. El derecho de la parte aquí peticionaria a intervenir en el caso de epígrafe se basa, según ésta, en que las cesiones a las que su padre quedó obligado respecto a su ex-cónyuge en el procedimiento de divorcio habido, *"alegadamente afectan la pensión alimenticia que el mismo viene obligado a proveerles."* Diferimos del anterior planteamiento.

Si bien la parte aquí peticionaria presumiblemente posee un derecho a recibir una pensión alimenticia de su padre, el aquí recurrido, señor Gil Navedo, ello en forma alguna les reconoce u otorga derecho o interés directo sobre los bienes de su padre. Más aún, en este momento la parte aquí peticionaria no ha podido demostrar que su pensión alimenticia se haya visto afectada por las donaciones que su padre se obligó a efectuar como parte de los procedimientos de su divorcio. De

igual forma, el planteamiento relativo a la posible inoficiosidad de las referidas donaciones, en este momento es prematuro. Como es sabido, una donación *inter vivos* puede ser decretada inoficiosa y por tanto nula, luego de realizado el inventario y avalúo de los bienes hereditarios que componen el caudal al momento del fallecimiento del causante. ■

No teniendo la parte aquí peticionaria al presente un derecho o interés sobre los bienes objeto de las estipulaciones en cuestión que justificaran la intervención de las mismas durante el pleito, no vemos cómo éstas puedan aducir de forma razonable sobre la procedencia de dicha petición de intervención, luego de dictada sentencia final en el mismo.

En el caso de autos no existe razón alguna que coloque a este Tribunal en posición de mover su discreción y expedir el auto solicitado.

## III

Por los fundamentos antes expuestos, se deniega la expedición del auto de *certiorari* solicitado.

Lo acordó y manda el Tribunal y lo certifica la señora Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

### ESCOLIOS 98 DTA 209

**1.** Apéndice II, págs. 3-9 del recurso de *certiorari.*

**2.** Cabe señalar, que a pesar de que en el párrafo B(1) contenido en las páginas 1 y 2 de la petición de divorcio enmendada, el señor Gil Navedo acuerda donar su participación en dicho inmueble a la aquí recurrida, señora Ortiz Jiménez, en el párrafo D1(a)(1) de dicho documento el aquí recurrido, señor Gil Navedo, estipula donar su participación en el mismo inmueble a su hijo Víctor Enrique Gil Ortiz Apéndice II, págs. 11 y 13 del recurso de *certiorari.*

**3.** Apéndice III, págs. 10-17, *Ibid.*

**4.** Apéndice IV, pág. 18, *Ibid.*

**5.** Apéndice V, págs. 19-21, *Ibid.*

**6.** 32 L.P.R.A., Ap. III, R 21 1(b).

**7.** Apéndice I, págs. 1-2, del recurso de *certiorari.*

**8.** Apéndice VI, pág. 22, *Ibid.*

**9.** Rafael Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil,* San Juan, Michie, 1997, § 1302.

**10.** *Ibid.*

**11.** *Chase Manhattan Bank v. Nesglo, Inc.,* 11 D.P.R. 767 (1981).

**12.** *Ibid.*

**13.** *Ibid.*

**14.** *Ibid.*

**15.** *Gerena v. Lamela,* 79 D.P.R. 578 (1956).

**16.** *La Costa Sampedro v. La Costa Bolívar, supra.*