THE CHASE MANHATTAN BANK, N.A., demandante peticionaria, *v.* NESGLO, INC., NÉSTOR CRUZ SOTO y GLORIA D. DE CRUZ, demandados; ALBERTO REBEL & ASSOCIATES, interventora recurrida.

*Número:* O-80-397      *Resuelto:* 17 de noviembre de 1981

*María del Carmen Taboas*, de *Fiddler, González & Rodríguez*, abogada del peticionario; *Leopoldo C. Delucca*, abogado de la interventora recurrida.

PER CURIAM: En noviembre de 1979, The Chase Manhattan Bank, N.A. ("el Chase") demandó a Nesglo, Inc. ("Nesglo"), Néstor Cruz Soto y Gloria D. de Cruz ("los fiadores"). El Chase alegó que Nesglo y sus fiadores le adeudaban $460,000, más intereses, costas y honorarios de abogado, bajo un contrato de refacción industrial y comercial debidamente otorgado e inscrito bajo las disposiciones de la Ley Núm. 86 de 24 de junio de 1954 (10 L.P.R.A. sec. 551 y ss.) Se suplieron los datos de inscripción del referido contrato. Para asegurar la efectividad de la sentencia el Chase embargó ciertos bienes.

El 11 de febrero de 1980, Albert Rebel & Associates ("la interventora") solicitó permiso para intervenir en el pleito sobre la base de que poseía un gravamen preferente sobre los bienes embargados. Alegó que Nesglo le adeudaba $53,138.11 por razón de equipo comprado a crédito. Tras varios incidentes el tribunal de instancia concedió el 11 de junio de 1980 la intervención de que se recurre.

Mientras este recurso estaba en trámite de perfeccionamiento y decisión, el tribunal de instancia dictó sentencia en rebeldía contra Nesglo y los fiadores. Para proteger los posibles derechos de la interventora el tribunal de instancia ordenó la congelación de los $53,138.11 de los fondos consignados en Secretaría hasta tanto el Tribunal Supremo emitiese juicio sobre el actual recurso. La refe-

rida sentencia es hoy final y firme. La cuestión a resolver en el caso de autos se reduce en consecuencia, a determinar si procede la intervención de Rebel & Associates para fines de precisar si tiene algún derecho, con preferencia al Chase, a los $53,138.11 consignados.

La Regla 21.1 de Procedimiento Civil, relativa a la intervención como cuestión de derecho, dispone:

> Mediante oportuna solicitud, cualquier persona tendrá derecho a intervenir en un pleito (a) cuando por ley o por estas reglas se le confiere un derecho incondicional a intervenir; o (b) cuando el solicitante reclame algún derecho o interés en la propiedad o asunto objeto del litigio que pudiere de hecho quedar afectado con la disposición final del pleito.

La historia de esta Regla revela un largo esfuerzo por liberalizar las normas relativas a la intervención. Para el análisis de las disposiciones que le precedieron —el Art. 72 del Código de Enjuiciamiento Civil de 1904 y de 1933, la Regla 24 de Procedimiento Civil de 1943 y la 21 de 1958— véase: Cappalli, *The Guest Who Came to Dinner: Intervention Practice in Puerto Rico Civil Procedure*, 40 Rev. Jur. U.P.R. 461 (1971).

La Regla 21.1 actual, correspondiente en parte a la 24(a) de las Reglas Federales, expande considerablemente el ámbito de la intervención como cuestión de derecho. Ya no es necesario que el solicitante demuestre, contrario a la norma federal, que la representación de su interés por las partes en litigio no es adecuada. Se elimina también el requisito establecido por la jurisprudencia de que el solicitante pueda estar luego impedido por una sentencia bajo la doctrina de cosa juzgada. Comentarios a la Regla 21.1, *Reglas de Procedimiento Civil para el Tribunal General de Justicia—1979*, Equity Publishing Corporation, Orford, N.H., 1979, pág. 52. Se ha intentado imprimirle a la Regla la máxima flexibilidad.

El historial de la Regla revela que ésta debe

interpretarse liberalmente, a la luz de los objetivos que persigue. La liberalización efectuada no equivale, sin embargo, a sancionar la intervención indiscriminada ni a sentar el principio de que toda duda posible debe resolverse a favor de la intervención. 7A Wright & Miller, *Federal Practice and Procedure*, sec. 1904, pág. 474; *Ready Mix Concrete* v. *R. Arellano & Co.*, 110 D.P.R. 869 (1981).

La Regla 21.1 impone límites a la intervención. El solicitante debe reclamar algún derecho o interés en la propiedad o asunto objeto del litigio y debe demostrar que tal derecho o interés puede, de hecho, quedar afectado por la disposición final del pleito. La nueva Regla obliga, no obstante, a un sutil cambio de enfoque. No se trata ahora, como antes, de analizar en modo más o menos abstracto la naturaleza del interés concernido. El criterio a utilizarse es de orden más pragmático. ¿Existe de facto un interés que amerite protección? ¿Quedaría afectado, como cuestión práctica, tal interés por la ausencia del interventor en el caso? El análisis puede variar de pleito a pleito. En el fondo, la decisión depende del equilibrio a lograrse en la situación específica entre los valores en conflicto: el interés en la economía procesal representada por la solución en un solo pleito de varias cuestiones relacionadas entre sí y el interés en evitar que los pleitos se compliquen y eternicen innecesariamente. 7A Wright & Miller, *op. cit.*, págs. 483, 509.

Apliquemos estos principios al caso presente. La interventora apoya la existencia de su alegado gravamen en las disposiciones del primer apartado del Art. 1822 del Código Civil, 31 L.P.R.A. sec. 5192, el cual provee:

Con relación a determinados bienes muebles del deudor, gozan de preferencia:

1. Los créditos por construcción, reparación, conservación o *precio de venta* de bienes muebles que estén en poder del deudor, hasta donde alcance el valor de los mismos. (Énfasis nuestro.)

La interventora le vendió a Nesglo unos bienes muebles. ¿Es correcta la aseveración de la interventora que la disposición citada le reconoce a ella un crédito preferente al derivado del préstamo refaccionario concedido por el Chase?

■ La contestación es claramente que no. Los créditos preferentes que reconoce el Art. 1822 del Código Civil están expresamente subordinados a los contratos de refacción debidamente inscritos. El Art. 6 de la Ley Núm. 86 de 24 de junio de 1954, estatuye:

Contra un contrato de refacción industrial y comercial inscrito con arreglo a este Capítulo, no podrá prevalecer reclamación alguna en contra del deudor que no esté garantizada con gravamen sobre los mismos bienes establecido con anterioridad a la inscripción de dicho contrato; Disponiéndose, sin embargo, que tal inscripción no prevalecerá sobre los gravámenes creados por ley para garantizar reclamaciones de obreros, proveedores, dueños de bienes inmuebles, así como del Estado Libre Asociado de Puerto Rico o de la correspondiente municipalidad en cuanto a créditos a su favor por el importe de las tres últimas anualidades y la corriente no pagadas de las contribuciones que graviten sobre la propiedad objeto de contrato. La efectividad y prelación del crédito representado por un contrato de refacción industrial y comercial no serán afectadas en forma alguna por lo dispuesto en contrario en las secs. 5192 y 5193 del Título 31 ó por lo que de tales secciones pueda inferirse.

La interventora tampoco ha alegado en momento alguno que las sumas totales depositadas en corte exceden la cuantía adeudada bajo el préstamo refaccionario. Por tanto, resulta que si la interventora depende tan solo de lo dispuesto en el Art. 1822 del Código Civil y si tampoco alega que se le ha pagado o se le pudiere pagar al Chase, de entregársele la cantidad consignada, una suma mayor que la adeudada bajo el contrato de refacción, la interventora no tiene derecho al carácter de tal, ya que no posee un interés que pueda ser afectado concebiblemente por la

entrega al Chase de la suma consignada. Permitir la intervención en tales circunstancias no sólo complicaría el pleito innecesariamente sino que constituiría un acto inútil.

■ Los autos guardan silencio, no obstante, sobre una cuestión de importancia. Si la interventora inscribió su venta condicional bajo las disposiciones del Art. 4 de la Ley Núm. 61 de 13 de abril de 1916, según enmendado, 10 L.P.R.A. sec. 34, y si tal inscripción es anterior a la del contrato de refacción, entonces sí que su gravamen es preferente al del Chase y tendría derecho a intervenir para probar su alegado derecho a los $53,138.11 consignados en la Secretaría del Tribunal Superior.

En aras de la economía procesal y dada la sencillez de la prueba remanente, permitiremos la intervención de Rebel & Associates, mas únicamente a los fines de intentar probar que posee un contrato de venta condicional inscrito con anterioridad al de refacción o que el Chase ha recibido o recibiría, de entregarse la suma consignada, una cantidad en exceso de lo adeudado al banco. El Tribunal fijará un término de breves días a tales efectos, bajo apercibimiento a la parte interventora de proceder a la entrega al acreedor refaccionario de la suma consignada.

*Se modificará la resolución recurrida conforme a lo indicado y se devuelve el caso a instancia para procedimientos ulteriores consistentes con esta opinión.*

El Juez Asociado Señor Negrón García no intervino.