Alfonso de Cumpiano, Juez Ponente
*1200 TEXTO COMPLETO DE LA SENTENCIA
Se nos plantea en el presente recurso que erró el Tribunal de Primera Instancia, Sala Superior de San Juan, al denegar la solicitud de intervención de la Compañía Petrolera Caribe, Inc. (Caribe, Inc.) en un pleito sobre cumplimiento específico de contrato entre Canun Air Service Inc. H/N/C Nunfra Fuel (Nunfra) y la Autoridad de los Puertos (la Autoridad).
Consideradas las posiciones de las partes, los documentos sometidos, la ley y la jurisprudencia aplicable, procede confirmemos la determinación recurrida.
La controversia tiene su origen cuando en enero de 1994 la Autoridad publicó un aviso de subasta para la contratación de servicios de suministro de combustible para los aeropuertos de Aguadilla, Mayaguez, Arecibo, Fajardo, Vieques y Ponce. Comparecieron cuatro licitadores, incluyendo a Caribe, Inc., que alegadamente fue el único postor cualificado. Dos de los licitadores descalificados protestaron la subasta.
Previa evaluación y asesoramiento de su División Legal, la Autoridad procedió a la cancelación de la subasta.
Caribe, Inc. solicitó reconsideración de dicha decisión a la Junta Apelativa de Subastas y ante su denegatoria, solicitó revisión judicial. Denegada ésta, acudió en recurso de certiorari al Tribunal Supremo, alegando que la Autoridad no tenía potestad para cancelar la subasta. Mediante Resolución de 21 de abril de 1995 el Tribunal Supremo denegó la expedición del recurso. En su denegatoria, el Tribunal Supremo expresó que una agencia administrativa tiene facultad para revocar la adjudicación de una subasta antes de que se formalice el contrato correspondiente, así como para cancelar una adjudicación de subasta.
Mientras se llevaba a cabo el proceso administrativo y judicial respecto a la cancelación de la subasta, Nunfra acudió al Tribunal de Primera Instancia en acción de injunction, daños y perjuicios y cumplimiento específico de contrato. Alegó que la Autoridad tenía un contrato verbal con ella de suministro de combustible en los aeropuertos de Aguadilla y Ponce, y que por lo tanto, estaba impedida de continuar con la subasta. El tribunal emitió una orden bajo la Regla 56.1 de las Reglas de Procedimiento Civil para asegurar la efectividad de la sentencia. Dicha orden fue revocada por el Tribunal Supremo, mediante Sentencia de 31 de agosto de 1994, emitida en el caso Canun Air Service. Inc. v. Aut. de los Puertos, CE-94-233. 
Caribe, Inc. presentó entonces solicitud de intervención en el pleito entre Nunfra y la Autoridad, alegando que la cancelación de la subasta se encontraba bajo revisión judicial, por lo que se afectarían sus derechos de adjudicarse el servicio de suministro y reventa de combustible en los aeropuertos de Aguadilla y Ponce. Argumentó que sus derechos eran precisamente la propiedad o asunto objeto del litigio entre Nunfra y la Autoridad. Tanto Nunfra como la Autoridad se opusieron a la intervención, fundamentalmente a base de que Caribe, Inc. no había adquirido derecho alguno en la subasta cancelada. En la resolución recurrida, de 23 de marzo de 1995, el tribunal declaró sin lugar la intervención "por los fundamentos expuestos en dichas oposiciones" y solicitó que Nunfra y la Autoridad informaran el resultado de las negociaciones que llevaban a cabo para terminar el litigio. (Apéndice del Recurso, pág. 40).
Caribe, Inc. argumenta que el tribunal recurrido erró al denegar la intervención puesto que ello es contrario a la ley, al orden público y a lo dispuesto por el Tribunal Supremo. Sobre este último aspecto alega que el Tribunal Supremo adjudicó en su Sentencia del 31 de agosto de 1994 *1201 (CE-94-233) la ilegalidad del contrato entre la Autoridad y Nunfra.
Apartándose de su argumentación ante el foro recurrido a los efectos de que su solicitud de intervención se basaba en un derecho adquirido que podría ser afectado en el litigio sobre el contrato, plantea y sugiere ante este Tribunal que su intervención es necesaria para que no se suscriba un contrato de suministro vedado por la ley y por el Tribunal Supremo.
La intervención en un pleito como cuestión de derecho, está regulada por la Regla 21.1 de las Reglas de Procedimiento Civil, que dispone:
"Mediante oportuna solicitud, cualquier persona tendrá derecho a intervenir en un pleito (a) cuando por ley o por estas reglas se le confiere un derecho incondicional a intervenir; o (b) cuando el solicitante reclama algún derecho o interés en la propiedad o asunto objeto del litigio que pudiere de hecho quedar afectado con la disposición final del pleito." (Enfasis suplido).
Como surge de su texto, la citada Regla 21.1 impone límites a la intervención. Es decir, que en Puerto Rico no rige el principio que sanciona la intervención indiscriminada ni que toda duda debe resolverse a favor de la intervención. El criterio para determinar si se reconoce o no a un peticionario el derecho de intervención es práctico y no conceptual. Está limitado por criterios tales como los siguientes; (1) si existe de hecho un interés que amerite protección; y (2) si quedaría afectado, como cuestión práctica, por la ausencia del interventor en el caso. En otras palabras, para que proceda una intervención como cuestión de derecho, la parte interventora debe establecer un interés suficiente o de envergadura que pudiera ser menoscabado y que existe inadecuada representación en el pleito para protegerlo. Chase Manhattan Bank v. Nesglo, Inc., 111 D.P.R. 767, 770 (1981); Ready Mix Concrete Inc. v. Ramírez de Arellano y Co., Inc., 110 D.P.R. 869, 873 (1981); J. Cuevas Segarra, Práctica Procesal Puertorriqueña, Procedimiento Civil, Publicaciones J.T.S., San Juan, 1979, Análisis Editorial, Supl. 1994, pág. 127.
Es claro que la decisión de un tribunal de admitir o denegar la intervención necesariamente depende de los hechos particulares del caso. La determinación final depende del balance o equilibrio a lograrse entre el interés en la economía procesal representada por la solución en un sólo pleito de varias cuestiones relacionadas entre sí y el interés en evitar que los pleitos se compliquen y eternicen innecesariamente. Nogueras v. Hernández Colón, 129 D. P.R._(1991), 91 J.T.S. 75, pág. 8929.
Conviene aquí que reseñemos lo dispuesto en la Regla 16.1 de las Reglas de Procedimiento Civil, debido a que se refiere también a protección de derechos de una parte indispensable y ante el alcance de su significado. Esta define el término parte indispensable como "las personas que tuviesen un interés común sin cuya presencia no pueda adjudicarse la controversia...". La jurisprudencia, a su vez, ha identificado parte indispensable como aquella persona cuyos derechos e intereses podrían quedar destruidos o inevitablemente afectados por una sentencia dictada estando ésta ausente del litigio. Cepeda Torres v. García Ortiz, 133 D.P.R. (1993), 93 J.T.S. 20, págs. 10395, 10396.
El fin tras el precepto procesal contenido en la Regla 16.1, supra, es proteger a las personas de los efectos perjudiciales que un dictamen judicial emitido en ausencia pudiera tener sobre sus derechos e intereses, es decir, no privarlas de su libertad o propiedad sin el debido proceso de ley y evitar la multiplicidad de pleitos mediante un remedio efectivo y completo. Torres v. Aponte, 136 D.P.R._ (1994), 94 J.T.S. 12, pág. 11496. Respecto a la frase "remedio completo" el Tribunal Supremo ha expresado que ello se refiere al remedio entre las personas y entidades que ya son partes en el pleito y no al obtenible entre una parte y el ausente. Hernández Agosto v. López Nieves, 114 D.P.R. 601, págs. 607, 608 (1993); Acosta Quiñones v. Matos Rodríguez, 137 D.P.R. (1994), 94 J.T.S. 47, págs. 11736-11737.
Como hemos indicado, y así lo reconoce la peticionaria, los hechos son esenciales para la aplicación de las normas legales y jurisprudenciales referentes a la intervención. Los hechos de este caso demuestran que es insostenible la posición de la peticionaria que procede la intervención, porque tiene un derecho adquirido en la subasta cancelada. Es claro que no tiene derecho adquirido alguno. La Autoridad tenía facultad para cancelar la subasta, a base de los motivos que adujo, los que son suficientes para el ejercicio de tal facultad. 
*1202 Por otra parte, su planteamiento de que procede la intervención en protección de futuros licitadores para evitar la adjudicación de un contrato sin la celebración de subasta, siendo ello contrario a la ley y a lo resuelto por el Tribunal Supremo, carece de fundamento.
El Artículo 11 de la Ley Núm. 125 de 7 de mayo de 1942, Ley de la Autoridad de los Puertos, 23 L.P.R.A. see. 341, dispone que todas las compras y contratos de suministros o servicios, excepto servicios personales, deberán hacerse mediante anuncio de subasta, excepto cuando medien las siguientes circunstancias: (1) cuando se requiera la entrega inmediata debido a emergencia, según definida en la ley; (2) cuando se necesiten piezas de repuestos, accesorios, equipo o servicios suplementarios a lo contratado; (3) cuando se trate de servicios o trabajos de profesionales o expertos, en interés de una buena administración; (4) cuando los precios no estén sujetos a competencia; (5) cuando se hayan celebrado dos subastas con idénticas especificaciones y hayan resultado desiertas.
Las disposiciones de referencia tienen el propósito de proteger los intereses y el dinero del pueblo, promoviendo la competencia y evitando el favoritismo y la corrupción. Hatton v. Municipio de Ponce, 136 D.P.R._(1994), 94 J.T.S. 2, pág. 11428; Mar Mol Co. v. Adm. Serv. Generales, 127 D.P.R. (1990), 90 J.T.S. 111, pág. 7983.
Por lo tanto, la aplicación de una de las excepciones para la celebración de subastas, debe estar basada en prueba que la sustente. El Tribunal Supremo en su Sentencia de 31 de agosto de 1994 (CE-94-233) dejó sin efecto la orden provisional dictada por el tribunal de instancia, señalando no haberse probado que existía una de las excepciones bajo el Artículo 11, supra. Dicha orden disponía que Nunfra continuara operando el negocio de suministro y prohibía la intervención de la Autoridad con éste.
La peticionaria ampara su reclamo en la frase utilizada por el Tribunal Supremo en la aludida sentencia, consistente en que: "En la situación de marras no existe ninguna de las excepciones citadas." (Apéndice del Recurso, pág. 66).
Es claro que, en la etapa en que se encontraban los procedimientos y dada la naturaleza del recurso bajo su consideración, el Tribunal Supremo no adjudicó la legalidad del contrato entre Nunfra y la Autoridad, al revocar la orden provisional. Sólo señaló los contornos bajo los que se dan las excepciones a una subasta y, ante la posición asumida entonces por la Autoridad de que no procedía el contrato, expresó que no había prueba de las excepciones a la subasta. Finalmente, dictaminó que era improcedente la orden provisional por tener ésta el mismo efecto de un injunction, recurso que está prohibido por el Artículo 21 de la Ley de la Autoridad de los Puertos. (23 L.P.R.A. see. 351).
Así, pues, no hay base para la intervención como cuestión de derecho por no haberse demostrado interés suficiente que pudiera ser menoscabado, como no la hay para intervenir en protección de licitadores futuros. Tampoco podemos asumir que existe inadecuada representación en el pleito para la protección de los intereses públicos.
Ahora bien, estimamos procedente expresar que la situación presentada en este recurso demuestra la imperiosa necesidad de que las agencias y organismos gubernamentales mantengan posiciones claras respecto a la política pública que inspiran los preceptos legales sobre la contratación de servicios y suministros. La Autoridad no ha actuado de manera uniforme en la consideración del contrato en cuestión, según surge de sus planteamientos ante los tribunales respecto al mismo. Es a ella a quien compete velar porque se de fiel cumplimiento a su ley orgánica, en aras de la más sana administración pública, de la protección de los dineros del pueblo puertorriqueño, y de la prestación de los más eficientes servicios. Por ello, cualquier transacción o negociación que surja en el pleito entre Nunfra y la Autoridad, tiene que basarse en esas normas. Lo que está en juego son los mejores intereses públicos. En buena administración pública, éstos se defienden por los organismos gubernamentales correspondientes.
Es en virtud de todo lo anterior, que entendemos no erró el tribunal al denegar la intervención. Mas por entender procedentes los fundamentos aquí expuestos, se expide el recurso y se confirma la resolución recurrida.
*1203 Lo acordó el Tribunal y lo certifica la Secretaria General.
María de la C. González Cruz
Secretaria General
ESCOLIOS 95 DTA 307
1. Caso CE-95-81. (Co. Petrolera Caribe. Inc. v. Aut. de los Puertos).
2. El 14 de octubre de 1994 el Tribunal Supremo denegó, por académica, la solicitud de Caribe, Inc. de intervenir en dicho caso.
3. Véase Resolución del Tribunal Supremo de 21 de abril de 1995 en el caso CE-95-81.
4. Los requisitos para invocar los derechos de terceras personas son: (1) el interés del litigante, (2) la naturaleza del derecho invocado, (3) la relación existente entre el litigante y las terceras personas, y (4) la factibilidad de que los terceros puedan hacer valer tales derechos en una acción independiente. Noriega v. Hernández Colón, 131 D.P.R. (1992); 92 J.T.S. 85,págs. 9651-52.