Voto particular disidente emitido por el
Juez Asociado Señor Estrella Martínez, al cual se une el Juez Asociado Señor Feliberti Cintrón.
Ante la solicitud de los abogados y la abogada peticionaria existen dos caminos. Por un lado, el expreso del acceso a la justicia, pavimentado por la jurisprudencia de este *475 Tribunal que ha resuelto que una solicitud de intervención se puede presentar en un solo escrito; en la economía procesal y en nuestra facultad de certificar recursos, incluso motu proprio. En el otro extremo, el tortuoso camino de bloques de la burocratización de la justicia, tomado por una mayoría de este Tribunal para decretar “no ha lugar” las solicitudes que nos ocupan.
Hoy, este Tribunal ha obviado la jurisprudencia y la política pública judicial que fomenta la economía procesal dirigida a otorgar un remedio oportuno y económico. Además, con sus acciones promueve contradictoriamente lo que la reglamentación invocada precisamente perseguía evitar: fomentar la duplicidad de demandas y litigios sobre una misma controversia y evitar el retardo en resolver los pleitos.
I
En el presente caso se cuestiona la constitucionalidad de la Ley Núm. 109-2014, Ley de Colegiación Integrada del Colegio de Abogados y Abogadas de Puerto Rico, la cual dispone que los practicantes de la profesión de la abogacía y el notariado en Puerto Rico se deberán colegiar como condición para poder ejercer la profesión. Así, se instituye al Colegio de Abogados y Abogadas de Puerto Rico como una organización que, entre otras, tendrá total y absoluta independencia para asumir aquellas posturas que mejor entienda respondan a sus propósitos y deberes.
Ante este hecho, varios practicantes de la profesión han cuestionado la constitucionalidad de la Ley Núm. 109, supra. Durante el trámite procesal acaecido, el pasado 30 de julio de 2014 emitimos una resolución para certificar y paralizar los efectos de la Ley Núm. 109, por lo que la controversia está pendiente de adjudicación ante esta Curia.
Como consecuencia, los Ledos. Carlos Rivera Justiniano, Carlos Pérez Toro y Juan M. Gaud Pacheco solicitaron, ante *476 este Tribunal, la intervención en los procedimientos. De igual forma, lo hicieron los Ledos. John E. Mudd y John A. Stewart, quienes habían presentado un recurso ante el Tribunal de Primera Instancia en el que también se cuestionó la constitucionalidad del estatuto y el cual está pendiente de ser adjudicado. Con igual propósito, la Leda. Evelyn Aimée de Jesús Rodríguez presentó una oportuna solicitud de intervención.
I—I h—I
Para disponer de una solicitud de intervención debemos entender que este es un mecanismo procesal que pretende alcanzar un balance entre el “interés en la economía procesal representada por la solución en un solo pleito de varias cuestiones relacionadas entre sí y el interés en evitar que los pleitos se compliquen y eternicen innecesariamente”. Chase Manhattan Bank v. Nesglo, Inc., 111 DPR 767, 770 (1981). Véanse: IG Builders et al. v. BBVAPR, 185 DPR 307, 321 (2012); S.L.G. Ortiz-Alvarado v. Great American, 182 DPR 48, 80 (2011). Por ello, al evaluar una solicitud de intervención, se hace en forma liberal, sin que con ello se implique el uso ilimitado de ésta. Rivera v. Morales, 149 DPR 672, 689 (1999).
La Regla 21 de Procedimiento Civil de 2009 (32 LPRA Ap. V), en sus varios incisos regula cuándo procede la intervención de una parte en un pleito. Específicamente, la Regla 21.1(b) de Procedimiento Civil, 32 LPRAAp. V, señala que se tendrá derecho a intervenir en un pleito cuando “la persona solicitante reclame algún derecho o interés en la propiedad o asunto objeto del litigio que pueda, de hecho, quedar afectado con la disposición final del pleito”. Por otro lado, la Regla 21.2(b) expone que se podrá permitir la intervención cuando “la reclamación o defensa de la persona solicitante y el pleito principal tengan en común una cuestión de hecho o de derecho”. 32 LPRAAp. V.
*477 AI evaluar la solicitud de intervención se considera si, de hecho, existe un interés que amerite protección y si ese interés quedaría afectado por la ausencia del interventor en el caso. Chase Manhattan Bank v. Nesglo, Inc., supra, pág. 770. Es importante recalcar que la solicitud de intervención constituye tan solo un mecanismo procesal mediante el cual un tercero puede comparecer e intervenir en un pleito, y no establece una fuente de derechos sustantivos ni una causa de acción a su favor en los méritos. “ ‘Es simplemente una disposición mediante la cual una persona que no es parte en el pleito comparece, voluntariamente o por necesidad, a presentar una reclamación o una defensa, en una acción pendiente, y convertirse de ese modo en parte para fines de la reclamación o defensa presentada’ ”. IG Builders et al. v. BBVAPR, supra, págs. 320-321, citando a J.A. Cuevas Segarra, Tratado de derecho procesal civil, 2da ed., San Juan, Pubs. JTS, T. II, 2011, pág. 779.
En cuanto a cómo se solicita y qué debe acompañar a la solicitud de intervención, al examinar la Regla 21.4 de Procedimiento Civil de 2009 (32 LPRAAp. V) surge que el solicitante debe exponer las razones en que basa su solicitud y acompañar una alegación en que establezca la reclamación o defensa que motiva la intervención. La razón para ello es que el tribunal debe estar en condición para poder determinar si procede la intervención como cuestión de derecho o de modo permisible. Aunque se señala que, conjunto con la moción para intervención, la parte debe acompañar la alegación o defensa que motiva la intervención, los tratadistas señalan que una objeción por este requisito de forma es renunciable. Incluso, se advierte que el “[tjribunal retiene discreción para excusar el cumplimiento con los requisitos procesales”. Véase Cuevas Segarra, op. cit., pág. 805. Tan es así que este Tribunal, incluso, ha permitido la intervención de una parte aun cuando no se acompañe la alegación que establece su reclamación, según expone la aludida regla. Para ello, este Tribunal dirimió que la moción de interven *478 ción era suficiente, tanto como solicitud y como demanda de intervención debido a que contenía todos los fundamentos necesarios. Así, el “hecho de incluirse todas las alegaciones en un sólo escrito, no debe alterar la situación remedial”. Gerena v. Lamela, 79 DPR 578, 582 (1956).
Por otra parte, en ocasiones anteriores, este Tribunal ha ordenado la consolidación de casos que tratan sobre la misma controversia. Al así hacerlo, hemos expresado que “[t]ener en dos foros distintos de manera simultánea dos casos que versan sobre la misma controversia no contribuye a la economía procesal y abre la puerta a la posibilidad de resultados contradictorios”. AMPR et als. v. Sist. Retiro Maestros II, 190 DPR 88, 89 (2014), citando a M-Care Compounding et al. v. Depto. Salud, 186 DPR 159, 172 (2012). Véase Vives Vázquez v. E.L.A., 142 DPR 117 (1996). Véase, además, R. Hernández Colón, Práctica jurídica de Puerto Rico: derecho procesal civil, 5ta ed., Ed. LexisNexis, 2010, See. 3601, pág. 352.
Esta es la normativa que impera en la adjudicación de las mociones ante nuestra consideración.
r—1 i—I h—I
En todo momento, ha sido mi norte hacer viable la oportuna, justa, rápida y económica administración de las controversias. Por ello, he recalcado que los tribunales de Puerto Rico constituyen un sistema judicial unificado, por lo que este Tribunal “cuenta con la autoridad legal y los mecanismos necesarios para poder intervenir en un pleito pendiente ante la consideración de un tribunal inferior, no importa su etapa, con el fin de disponer del mismo de forma final y firme, en aras de impartir justicia oportuna”. Voto particular emitido por el Juez Asociado Señor Estrella Martínez en Alvarado Pacheco y otros v. ELA, 188 DPR 594, 657 (2013). Véase, además, Voto de conformidad emitido por el *479 Juez Asociado Señor Estrella Martínez en AMPR et als. v. Sist. Retiro Maestros I, 190 DPR 77, 80 (2014).
Asimismo, reiteradamente he defendido el mayor acceso posible a los tribunales de justicia. Voto de conformidad emitido por el Juez Asociado Señor Estrella Martínez en Alvarado Pacheco y otros v. ELA, supra, pág. 658. Véase, además, AMPR et als. v. Sist. Retiro Maestros I, supra. Este enfoque liberal de acceso ante nuestros tribunales, avalado por la jurisprudencia de este Tribunal, permea al evaluar si procede permitir la intervención en un pleito que ha solicitado una parte.
En el caso de autos, los licenciados Rivera Justiniano, Pérez Toro y Gaud Pachecho resaltan que permitir su intervención evitaría la presentación de otra demanda para reclamar la inconstitucionalidad de la ley, por lo que abonaría a la adjudicación rápida, eficiente y económica de la polémica. En síntesis, sostienen que la implementación de la Ley Núm. 109 les viola sus derechos constitucionales al obligarles a asociarse y pagar una cuota para poder practicar su profesión. Exponen que concurren plenamente con los argumentos esbozados sobre el derecho de no asociación que se encuentran ante nuestra consideración. Además, destacan un nuevo aspecto en cuanto a la colegiación compulsoria. Estos señalan que las posturas que ha asumido el Colegio de Abogados son contrarias a sus postulados religiosos y morales, por lo que se viola su libertad religiosa y sus principios de fe al imponerles pertenecer a una asociación que no los representa e, incluso, respalda públicamente políticas que son contrarias a su conciencia cristiana, atentando así contra su derecho fundamental a la libertad religiosa.
Por su parte, los licenciados Mudd y Stewart, señalan que presentaron un recurso ante el Tribunal de Primera Instancia, Sala Superior de San Juan, de mayor antigüedad que el certificado por este Tribunal, en el cual solicitaron remedios similares. La licenciada De Jesús Rodríguez, por *480 su parte, nos indica que oportunamente solicitó intervención en ese recurso. Los abogados y la abogada peticionaria consideran que como este Tribunal asumió jurisdicción sobre la materia, deberían acumularse las reclamaciones pendientes ante el Tribunal de Primera Instancia en el caso de mayor antigüedad, por lo que solicitan la intervención o, en la alternativa, la acumulación de las reclamaciones traídas ante el foro primario.
IV
Ciertamente, y sin adjudicar los méritos de lo planteado en la solicitud de intervención presentada, surge inequívocamente que todos los comparecientes reclaman un derecho sobre el asunto objeto de litigio ante este Tribunal que puede quedar afectado por la disposición final del caso. Es decir, su derecho a no asociarse compulsoriamente a una institución. Igualmente, el asunto tiene en común la aprobación de la Ley Núm. 109 y su alegada inconstitucionalidad. Unos incorporan al reclamo de su derecho a no asociarse el hecho de que la organización no representa sus creencias religiosas, impidiendo e imponiendo sobre éstos una carga al ejercicio de su profesión al sostener que se infringe su derecho a la libertad de culto.
Por otra parte, existe un litigio pendiente ante el Tribunal de Primera Instancia que fue instado antes del recurso certificado por este Tribunal y en el cual también se cuestiona la constitucionalidad de la Ley Núm. 109 desde la perspectiva de la libertad de asociación y la falta de un interés apremiante del Estado para aprobar el referido estatuto.
El hecho de que cuando los licenciados Rivera Justiniano, Pérez Toro y Gaud Pachecho presentaron la solicitud de intervención no acompañaran en un documento separado sus alegaciones no puede servir como impedimento para imposibilitar su intención. Tal proceder solo promueve retraso, *481 escollo y un mero formalismo. Además, considero que los licenciados Rivera Justiniano, Pérez Toro y Gaud Pachecho exponen en su moción de intervención con suficiente claridad los fundamentos y las alegaciones de las partes con relación al cuestionamiento sobre la constitucionalidad del referido estatuto.
En cuanto a la solicitud de los licenciados Mudd y Stewart, y de la licenciada De Jesús Rodríguez, nótese que existe una demanda presentada ante el Tribunal de Primera Instancia, por lo que éstos solicitan la intervención y, en la alternativa, la certificación del caso porque este Tribunal asumió jurisdicción en la materia. Como se presentó una demanda ante el Tribunal de Primera Instancia, no existe ningún impedimento en ordenar la consolidación y la certificación del caso ante el Tribunal de Primera Instancia con el de epígrafe. Máxime cuando este Tribunal tiene el poder inherente para, motu proprio, considerar el caso presentado en un sistema unificado de justicia. De hecho, aun cuando los letrados no lo hubiesen pedido, la economía procesal y los propósitos que persigue la consolidación de recursos están presentes y procede, motu proprio, certificar y consolidar.
Ciertamente, considero que las controversias se deben dilucidar en sus méritos y es nuestro deber como Tribunal auscultar todos los argumentos de las partes para disponer de los asuntos con mayor claridad. Según lo anterior, en esta etapa de los procedimientos, entiendo que la intervención solicitada no menoscaba el interés de atender adecuada y eficientemente la controversia planteada. Surge claramente que los reclamos de las partes están relacionados entre sí y no implicarían una dilación en la disposición del asunto presentado. Ante tal realidad, no veo objeción alguna para permitir la intervención de los solicitantes. Por el contrario, opino que la discusión abona a los distintos matices que conllevarían las implicaciones de la Ley Núm. 109 —ante nuestra consideración— para poder atender integralmente todos *482 los argumentos de forma responsable. Igualmente, soy consistente en sostener que mantener el caso presentado ante el Tribunal de Primera Instancia no propende a la economía procesal que hemos promovido en ocasiones anteriores. Como consecuencia, me veo obligado a disentir sobre no permitir las intervenciones solicitadas y al no certificar el recurso que se encuentra ante la consideración del foro de primera instancia.