Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI[1]

| | | |
|---|---|---|
| JULIO ÁNGEL MELÉNDEZ PAGÁN<br><br>Demandante Recurrido<br><br>v.<br><br>RICARDA ROSARIO SANTIAGO Y OTROS<br><br>Demandados<br><br>**MARÍA ENGRACIA TORRES COLLAZO**<br><br>**Peticionaria** | KLCE202400744 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Ciales<br><br>Civil Núm.: MV2022CV00102<br><br>Sobre: Acción de Deslinde y Reivindicatoria |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa y la Jueza Álvarez Esnard.

Candelaria Rosa, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 9 de julio de 2024.

Comparece la señora María Engracia Torres Collazo (señora Torres Collazo o peticionaria) vía *certiorari* y solicita que revoquemos las *Resoluciones* del Tribunal de Primera Instancia, Sala Superior de Ciales, emitidas el 19 de junio de 2024 y el 26 de junio de 2024. En dichos dictámenes, se denegó la solicitud de intervención de la peticionaria, además de resolver sin lugar las mociones de desestimación por falta de partes indispensables. Por los fundamentos que expresamos a continuación, denegamos la expedición del auto de *certiorari* junto a la *Moción en auxilio de jurisdicción* que le acompaña.

---

[1] Debido a que la Hon. Karilyn M. Díaz Rivera se encuentra fuera del Tribunal por causas justificadas, de conformidad con la OATA-2024-079 se modificó la integración del Panel en el recurso de epígrafe.

Número Identificador

RES2024 _____

En síntesis, el caso de epígrafe trata de una demanda por acción de deslinde y reivindicatoria. Según el expediente, el señor Julio Ángel Meléndez Pagán (señor Meléndez Pagán o recurrido) es dueño en común proindiviso equivalente a un veintitrés punto ochenta dieciséis (23.8016%) por ciento de la Finca Núm. 12,178, mientras que el resto de la propiedad pertenece a la señora Torres Collazo. En su demanda enmendada, el señor Meléndez Pagán alega que la señora Ricarda Rosario Santiago (señora Rosario Santiago o demandada), propietaria de la finca colindante, no ha respetado la demarcación clara entre las dos fincas y se ha apoderado parte del predio del recurrido mediante la creación de una entrada y la colocación de pertenencias suyas.

No obstante, la señora Rosario Santiago arguye que hace cuarenta (40) años su cuñada, la señora Torres Collazo, autorizó al señor Ismael Torres Collazo y a la demandada a utilizar la colindancia en controversia como un camino de paso. En interés de defender su postura, la señora Rosario Santiago anunció en el *Informe de conferencia con antelación a juicio* que presentará a la señora Torres Collazo como testigo para que esta declare sobre las circunstancias del camino en controversia, así como su autorización y uso.

Posteriormente, el 12 de junio de 2024, la señora Torres Collazo solicitó participar en el pleito como parte interventora y alegó que, como titular registral de la finca y por supuestamente conceder la autorización verbal del uso del camino a la demandada, tiene un gran interés en la controversia cuya participación contribuiría al acervo de información con el que el foro primario puede contar. Por tanto, establece la peticionaria, la causa de acción debe desestimarse por carecer de una parte indispensable en el pleito. Evaluada la solicitud, el

foro primario resolvió sin lugar y determinó que por la señora Torres Collazo haber sido anunciada como testigo para declarar sobre los mismos asuntos, más que el 16 de diciembre de 2022 el Tribunal ya había dispuesto que la peticionaria no es parte indispensable, no se justifica admitirla ahora como parte interventora.

De su parte, la señora Rosario Santiago solicitó que se desestimara la demanda por esta dejar de acumular a tres (3) colindantes de la finca en controversia como partes indispensables, al amparo de los Artículos 829 y 832 del *Código Civil* de 2020, 31 LPRA secs. 8132, 8135, que discuten el deslinde y la agrimensura de los terrenos. Ante esta solicitud—a la cual se unió la señora Torres Collazo—y una subsiguiente *Orden* del foro primario, el señor Meléndez Pagán acreditó los nombres de los colindantes y sus respectivas citaciones en acorde con el *Código Civil* de 2020 y la *Ley del Registro de la Propiedad Inmobiliaria*. En consecuencia, el foro primario resolvió sin lugar y concluyó que por la acción de deslinde involucrar solamente la colindancia entre el señor Meléndez Pagán y la señora Rosario Santiago, más haberse cumplido con las leyes de las cuales se fundamentó la demandada en su solicitud, los tres (3) colindantes referidos no son partes indispensables.

Insatisfecha, la peticionaria recurre ante este Tribunal y alega que el foro primario erró (1) al denegar la solicitud de intervención y no darle la oportunidad de comparecer al juicio como parte interventora de manera que pueda presentar prueba a su favor y contrainterrogar a las partes, en absoluta violación a su debido proceso de ley; y (2) al denegar incluir como partes indispensables a los otros tres colindantes en un pleito que se pretende actualizar la cabida del inmueble, en violación al

estatuto que establece la acción de deslinde. En el mismo día, la señora Torres Collazo presentó una *Moción en auxilio de jurisdicción*, en la que pidió que se paralice el juicio en su fondo pautado por el foro primario para el día 15 de julio de 2024.

Vale recordar que el auto de *certiorari* es el vehículo procesal, discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede rectificar errores jurídicos. Regla 52.1 de Procedimiento Civil de 2009 (32 LPRA Ap. V); Regla 40 del Tribunal de Apelaciones (4 LPRA Ap. XXII-B). Véase, también, *Caribbean Orthopedics Products of PR, LLC v. Medshape, Inc. et al.*, 207 DPR 994 (2021) (citando Art. 670 del Código de Enjuiciamiento Civil de 1933 (32 LPRA sec. 3491); *Municipio Autónomo de Caguas v. JRO Construction*, 201 DPR 703, 710 (2019)). Conforme a la referida Regla 52.1, los criterios que permiten la expedición de un *certiorari* consisten en revisar una orden de carácter dispositivo o resolución según las Reglas 56 y 57 de *Procedimiento Civil*. Regla 52.1 de Procedimiento Civil, *supra*. Por lo tanto, la función del Tribunal Apelativo frente a la revisión de controversias a través del *certiorari* requiere valorar la actuación del foro primario y predicar su intervención en si la misma constituyó un abuso de discreción; en ausencia de evidencia suficiente de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera Instancia. Véase, también, *Fernández Martínez et al. v. RAD-MAN San Juan III-D, LLC et al.*, 208 DPR 310 (2021) (citando a *SGL Torres Matundan v. Centro de Patología Avanzada*, 193 DPR 920, 933 (2015); *Dávila Nieves v. Meléndez Marín*, 187 DPR 750 (2013); *Ramos Milano v. Wal-Mart*, 168 DPR 112, 121 (2006); *Rivera et al. v. Banco Popular*, 152

DPR 140, 155 (2000); *Meléndez Vega v. Caribbean International News*, 151 DPR 649, 664 (2000)).

Ahora bien, nuestro ordenamiento jurídico, como exigencia del debido proceso de ley, requiere acumular a todas las partes que tengan un interés común en un pleito y sin cuya presencia no pueda adjudicarse la controversia. Regla 16.1 de Procedimiento Civil de 2009 (32 LPRA Ap. V); *Pérez Ríos v. Luma Energy, LLC*, 2023 TSPR 136. No obstante, tal interés debe ser real e inmediato, por cuya ausencia cualquier remedio afectaría o destruiría radicalmente los derechos de esa parte. *Pérez Ríos v. Luma Energy, LLC*, *supra* (citando a *RPR & BJJ Ex Parte*, 207 DPR 389 (2021)). Desde luego, estas partes indispensables responden a dos principios básicos: (1) la protección constitucional que impide que una persona sea privada de la libertad y propiedad sin un debido proceso de ley, y (2) la necesidad de que el dictamen judicial que en su día se emita sea uno completo. Íd. (citando a *RPR & BJJ Ex Parte*, *supra*; *Cepeda Torres v. García Ortiz*, 132 DPR 698 (1993)). Véase, también, *Fideicomiso de Conservación de Puerto Rico y Para la Naturaleza, Inc. v. ELA*, 211 DPR 521 (2023). De faltar una parte indispensable, el Tribunal carecerá de jurisdicción sobre el pleito y, por efecto, cualquier sentencia emitida será nula y desestimará la reclamación sin entrar en los méritos de la controversia. *Pérez Ríos v. Luma Energy, LLC*, *supra* (citando a *RPR & BJJ Ex Parte*, *supra*; *García Colón v. Sucn. González*, 178 DPR 527 (2010); *In re Vélez Báez*, 176 DPR 201 (2009*); Romero v. SLG Reyes*, 164 DPR 721 (2005); *Unisys v. Ramallo Brothers*, 128 DPR 842 (1991)). Véase, también, *Fideicomiso de Conservación de Puerto Rico y Para la Naturaleza, Inc. v. ELA*, *supra*.

Cónsono con lo anterior, cualquier persona tendrá derecho a intervenir en un pleito (1) cuando por ley o por las *Reglas de Procedimiento Civil* se le confiere un derecho incondicional a intervenir; o (2) cuando la persona solicitante reclame algún derecho o interés en la propiedad o asunto objeto de litigio que pueda, de hecho, quedar afectado con la disposición final del pleito. Regla 21 de Procedimiento Civil, *supra*. Esta figura procura alcanzar un balance entre la economía procesal al atenderse diversos asuntos de manera conjunta, pero de cuya solicitud se debe evaluar pragmáticamente y verificar si existe de hecho un interés que amerite protección y si tal interés quedará afectado, como cuestión práctica, por la ausencia del interventor del caso. *IG Builders v. BBVAPR*, 185 DPR 307 (2012) (citando a *SLG Ortiz-Alvarado v. Great American*, 182 DPR 48 (2011); *Chase Manhattan Bank v. Nesglo, Inc.*, 111 DPR 767 (1981); *R. Mix Concrete v. R. Arellano & Co.*, 110 DPR 869 (1981)). Aunque estas disposiciones deben interpretarse liberalmente, los tribunales no podrán permitirlo a toda instancia que aparezca. Íd. (citando a *Rivera v. Morales*, 149 DPR 672 (1999); *Chase Manhattan Bank v. Nesglo, Inc.*, *supra*).

Pertinente a los temas antes discutidos, una parte adversamente afectada por una resolución u orden del Tribunal de Primera Instancia puede recurrir al Tribunal de Apelaciones dentro del término estricto de treinta (30) días contados desde la notificación de la resolución u orden recurrida. Regla 52.2 de Procedimiento Civil, *supra*. De presentarse una moción de reconsideración dentro del término jurisdiccional de quince (15) días desde la fecha del archivo en autos de copia de la

notificación de la sentencia, este interrumpirá el término para acudir ante el foro apelativo. Íd., R. 47.

Por otra parte, el deslinde—es decir, el fijar los límites materiales de una finca que están confundidos—puede efectuarse por cualquier procedimiento técnico de agrimensura, con citación previa de los propietarios colindantes quienes deberán presentarse, por sí mismos o mediante sus representantes, en el lugar, el día y la hora señalados, con los títulos suficientes de propiedad que amparen su derecho. Arts. 829 y 832 del Código Civil de 2020, *supra*. A esos efectos, la *Ley del Registro de la Propiedad Inmobiliaria* dispone que la acreditación de la mensura de una finca se hará mediante la certificación de la misma, juramentada ante notario y expedida por el agrimensor licenciado que la efectuó. Art. 197 de la Ley Núm. 210-2015 (30 LPRA sec. 6313). En tal certificación, se hará constar los nombres y modo de citación de los propietarios colindantes. Íd.

En este caso, el Tribunal de Primera Instancia no actuó irrazonablemente al denegar la solicitud de intervención y desestimación de la peticionaria. El expediente no muestra como exceso discrecional que se pueda teorizar que la señora Torres Collazo, a pesar de ser copropietaria y dueña registral de la Finca Núm. 12,178, no esté interesada en defender su propiedad, sino que su participación en el pleito comporte una asistencia testimonial a los argumentos defensivos de la demandada. No abusa de su criterio el foro primario al razonar que la señora Torres Collazo se beneficiaría si el juicio resulta favorablemente al señor Meléndez Pagán, más que ella aparecerá en sala como testigo de la demandada para declarar sobre la alegada autorización de paso concedida. Además, vale apuntar que la

indispensabilidad de esta fue previamente denegada en el proceso durante el año 2022 y de ello no se recurrió en reconsideración o ante este Tribunal.

En torno al planteamiento de parte indispensable con respecto a los otros colindantes, el Tribunal de Primera Instancia tampoco excedió su discreción. Del expediente no surge que el señor Meléndez Pagán haya incumplido con los requisitos de notificación para la mensura de deslindes que aparecen en el Código Civil de 2020 y la *Ley del Registro de la Propiedad Inmobiliaria*. Además, la controversia gira en torno a las alegadas acciones de dominio injustificado de la demandada sobre un predio perteneciente al recurrido, por tanto, no es irrazonable concluir la inexistencia de razón justificada para que los otros colindantes resulten partes indispensables.

Por los fundamentos expresados, denegamos la expedición del auto de *certiorari*. En consecuencia, se deniega también la *Moción en auxilio de jurisdicción* pendiente.

**Notifíquese de inmediato a todas las partes**.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones