ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| JOSÉ SANTIAGO SUARDIAZ<br><br>Apelada<br><br>v.<br><br>MARBELLA 63, LLC ING. JULIO GONZÁLEZ FORTUÑO<br><br>Apelante<br><br>FEDERICO HERNÁNDEZ DENTON<br><br>Parte Interventora | **TA2025CE00075** | *Apelación* procedente del Tribunal de Primera Instancia Sala Superior de San Juan<br><br>Civil Núm. SJ2024CV10054<br><br>Sobre: *Injunction* Estatuario, Procedimiento Especial, Revocación de Permiso de Construcción, Art. 14.1 de la Ley 161 del 2009, según enmendada |
| --- | --- | --- |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Bonilla Ortiz, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 11 de agosto de 2025.

Comparece ante este foro, FirstBank Puerto Rico (FirstBank) y nos solicita que revisemos una Orden emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, notificada el 4 de junio de 2025. Mediante el referido dictamen, el foro primario denegó la moción de intervención y nulidad de sentencia presentada por FirstBank.

Por los fundamentos que expondremos a continuación, **EXPEDIMOS** el auto de *certiorari* y **CONFIRMAMOS** el dictamen recurrido.

### I.

El caso de autos inició el 29 de octubre de 2024, cuando el Sr. José Santiago Suardiaz (señor Santiago) presentó una *Demanda de Injunction Estatutario y Petición*

*de Revocación de Permiso de Construcción.*[1]    En esta, alegó ser vecino colindante de la propiedad dueña de Marbella 63, LLC (Marbella), ubicada en la Calle Marbella #63, sector Condado, San Juan, PR 00907. Esbozó que, Marbella obtuvo el *Permiso de Construcción*, expedido por un Profesional Autorizado -el Sr. Julio González Fortuño-, bajo el caso 2024-580644-PCOC-305330, para una hospedería turística de 25 habitaciones.   No obstante, señaló que la propiedad para la cual fue autorizado el *Permiso de Construcción* está calificada como R-Residencial, y en el distrito no está permitido ministerialmente el uso de *Casa de Huéspedes*. Asimismo, alegó que la construcción propuesta y autorizada, no cumplía con varios parámetros establecidos por el *Reglamento de Calificación Especial del Condado*, así como por el *Reglamento Conjunto*.  Por ello, solicitó la revocación del *Permiso de Construcción* y una cantidad no menor de $10,000.00 por concepto de costas y honorarios de abogados.

El 19 de noviembre de 2024, el Sr. Federico Hernández Denton (señor Hernández) presentó una *Solicitud de Intervención.*[2]   Mediante la cual, indicó que era codueño de una propiedad destinada a vivienda en la Calle Marbella #61 en el Condado.  Por lo que, poseía intereses patrimoniales y personales que podrían verse afectados por las construcciones llevadas a cabo por Marbella.

Posteriormente, el 22 de noviembre de 2024, el señor Santiago presentó la *Demanda Enmendada de*

---

[1] *Demanda de Injuction Estatutario y Petición de Revocación de Permiso de Construcción*, entrada núm. 1 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[2] *Solicitud de Intervención*, entrada núm. 15 en SUMAC.

*Injunction Estatutario y Petición de Revocación de Permiso de Construcción.*[3]

Luego de varias incidencias procesales, el 28 de abril de 2025, el foro primario notificó una *Sentencia*, en la cual determinó lo siguiente:[4]

> […] el permiso de construcción para una "Casa de Huéspedes" en la propiedad de la parte demandada requería un análisis discrecional y no podía ser tramitado como un permiso ministerial. Siendo así, el permiso fue otorgado utilizando información incorrecta al ser clasificado como ministerial cuando su naturaleza reglamentaria exigía un trámite discrecional. Esta conclusión activa el remedio dispuesto en el Artículo 14.1 de la Ley Núm. 161-2009, *supra*, para la revocación de permisos otorgados "utilizando información incorrecta o falsa". *Íd.*

Así pues, declaró *Ha Lugar* la *Demanda* de *injuction* estatutario y petición de revocación de permiso de construcción presentada por el señor Santiago. Por consiguiente, revocó el permiso de construcción otorgado a Marbella; ordenó la paralización de cualquier obra de construcción; y ordenó la demolición inmediata de la obra construida mediante el permiso de construcción revocado.

El 3 de junio de 2025, FirstBank presentó *una Moción Urgente de Intervención y Solicitud de Nulidad de Sentencia.*[5] En esta, indicó que le había otorgado a Marbella el financiamiento hipotecario para la remodelación y rehabilitación de la construcción de la propiedad, a la que ordenaron demoler las obras construidas. Añadió que, la propiedad objeto del préstamo, constituía el colateral hipotecario que

---

[3] *Demanda Enmendada de Injuction Estatutario y Petición de Revocación de Permiso de Construcción*, entrada núm. 20 en SUMAC.
[4] *Sentencia*, entrada núm. 85 en SUMAC.
[5] *una Moción Urgente de Intervención y Solicitud de Nulidad de Sentencia*, entrada núm. 88 en SUMAC.

garantizaba la deuda contraída. Por ello, sostuvo que la orden de demolición representó un daño directamente a sus derechos, recuperación y ejecución. Finalmente, arguyó que no fueron notificados ni incluidos como parte, pese a tener un interés registral y propietario debidamente inscrito en el Registro de la Propiedad. Por ello, solicitó intervenir en el pleito, al ser parte indispensable.

De otra parte, FirstBank solicitó la nulidad de la *Sentencia*, puesto que, se excedió al ordenar demoler la propiedad, aun cuando el señor Santiago solamente solicitó la revocación del permiso de construcción. A su vez, que era una sanción desproporcionada y contradictoria a la política pública, ya que las partes interesadas podían agotar otros remedios legales.

El 4 de junio de 2025, el foro primario notificó la *Orden* recurrida, mediante la cual denegó la moción de intervención y nulidad de sentencia de FirstBank.[6]

Inconforme, el 3 de julio de 2025, FirstBank presentó el recurso de epígrafe. Mediante este, adujo que el foro primario cometió los siguientes errores:

> PRIMER ERROR: Erró el Honorable Tribunal de Primera Instancia al declarar no ha lugar la Solicitud de Intervención presentada por FBPR, al tener un interés propietario debidamente inscrito en el registro de la propiedad sobre la obra que se ordena demoler.

> SEGUNDO ERROR: Erró el Honorable Tribunal de Primera Instancia al no declarar la nulidad de la sentencia, violándose el derecho al debido proceso de ley e interés propietario de FBPR.

En la misma fecha, FirstBank presentó una *Moción en Auxilio de Jurisdicción*. No obstante, mediante

---

[6] *Orden*, entrada núm. 89 en SUMAC.

*Resolución*, la declaramos *No Ha Lugar*. Asimismo, le concedimos a la parte recurrida, diez (10) días, contados a partir de la presentación del recurso para que se expresara sobre los méritos del caso.

Luego de una solicitud de prórroga, el 14 de julio de 2025, Marbella presentó un *Memorando en Apoyo a Expedición de Auto de Certiorari*.

Asimismo, el 23 de julio de 2025, el señor Santiago presentó su *Alegato en Oposición*. Mientras que, el 24 de julio de 2025, el señor Hernández presentó su alegato en oposición como parte interventora.

Con el beneficio de la comparecencia de las partes, procederemos a resolver.

**II.**

**-A-**

En lo sustantivo, el *certiorari* es un recurso extraordinario discrecional expedido por un tribunal superior a otro inferior, mediante el cual el primero está facultado para enmendar errores cometidos por el segundo, cuando "el procedimiento adoptado no esté de acuerdo con las prescripciones de la ley." Artículo 670 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3491.

La Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, es la disposición que delimita las instancias en que el Tribunal de Apelaciones expedirá un recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia. Asimismo, dispone los supuestos en que este foro intermedio podrá revisarlas, con carácter discrecional. Por su parte, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __

(2025), establece los criterios que este foro debe tomar en consideración al atender una solicitud de expedición de este recurso discrecional.

No obstante, y a pesar de que la Regla 52.1, *supra*, no lo contempla, el *certiorari* también es el recurso apropiado para solicitar la revisión de resoluciones y órdenes post sentencia. *IG Builders et al. v. BBVAPR*, 185 DPR 307, 339 (2012). Nuestro Tribunal Supremo ha expresado que, en estos supuestos, la Regla 40 de nuestro Reglamento, *supra*, adquiere mayor relevancia pues, de ordinario, "no están disponibles métodos alternos para asegurar la revisión de la determinación cuestionada." *Íd*.

Al determinar la procedencia de la expedición de un auto de *certiorari*, este Tribunal deberá considerar, de conformidad con la Regla 40, *supra*, si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho. Así también, debemos tomar en consideración si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por parte del foro primario.

También examinaremos si el asunto planteado exige consideración más detenida a la luz de los autos originales o de alegatos más elaborados, o si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración. Finalmente, debemos analizar si la expedición del auto solicitado evita un fracaso de la justicia. Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*.

-B-

La Regla 21 de Procedimiento Civil, 32 LPRA Ap. V, R. 21, establece y regula el mecanismo procesal conocido

como la "intervención", diseñado para ofrecer protección a personas que no fueron parte inicial en un pleito, pero sus derechos están siendo afectados o podrían ser afectados por la sentencia del caso, independientemente de que la misma haya sido dictada o no. Así, la Regla 21.1 dispone:

> Mediante oportuna solicitud, se podrá permitir a cualquier persona intervenir en un pleito:
>
> (a) cuando por ley se le confiera un derecho condicional a intervenir o
>
> (b) cuando la reclamación o defensa de la persona solicitante y el pleito principal tengan en común una cuestión de hecho o de derecho.
>
> […].

La referida regla debe interpretarse liberalmente. Sin embargo, esto no significa que toda duda posible deba resolverse a favor de la intervención. *Chase Manhattan Bank v. Nesglo, Inc.,* 111 DPR 767, 770 (1981). El criterio para determinar si se reconoce o no el derecho de intervención, es práctico y no conceptual. *R. Mix Cocrete v. R. Arellano & Co.*, 110 DPR 869 (1981). "Por ello, a la hora de evaluar una solicitud de intervención, debemos analizar primero si existe de hecho un interés que amerite protección, y segundo, si ese interés quedaría afectado, como cuestión práctica, por la ausencia del interventor en el caso. [citas omitidas]." *IG Builders et al. v. BBVAPR*, supra, pág. 321.

La Regla 21.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 21.4, a su vez establece el procedimiento a seguir para solicitarle al tribunal autorización para intervenir, esta establece lo siguiente:

> Toda persona que desee intervenir notificará su solicitud de intervención a todas las partes conforme lo dispuesto en la Regla 67. La solicitud expondrá las razones en que se base y se acompañará de una alegación en que se establezca la reclamación o defensa que motive la intervención.

De otra parte, la Regla 21.5 de Procedimiento Civil, 32 LPRA Ap. V, R. 21.5, procede como cuestión de derecho en aquellas situaciones en las que un tercero invoque tener un derecho o interés preferencial sobre una propiedad que haya sido objeto de una orden de embargo u otro decreto judicial.

**III.**

Debido a que la *Orden* recurrida constituye una determinación post-sentencia, el vehículo procesal adecuado para su revisión es el auto discrecional de *certiorari*.

Mediante los señalamientos de error planteados, en esencia, FirstBank alega que incidió el foro primario al denegar su solicitud de intervención, aun cuando tiene un interés propietario sobre la obra que ordenó demoler. Afirma que, la orden de demolición afecta su interés sobre el bien inmueble, el cual está garantizando el pago del préstamo. Además, que la orden de demolición constituye un remedio extremo y oneroso, afectando su derecho de propiedad.

Por su parte, Marbella arguye que el foro primario se excedió al ordenar la demolición de la construcción, aun cuando la parte recurrida no solicitó dicho remedio. Resalta que, se debe evitar la demolición sobre una estructura existente, ya que se está viendo afectado el debido proceso de ley de FirstBank, quien tiene un derecho propietario.

De otra parte, el señor Santiago, en primer lugar, alega que FirstBank no presentó documento oficial expedido por el Registro de la Propiedad que acredite la inscripción de la Hipoteca. Indica que, el hecho de que incluyera la escritura de hipoteca y un estudio de título, son documentos desprovistos de autenticidad registral, siendo insuficientes para que se demostrara la existencia de un derecho real inscrito que le confiera legitimación. En segundo lugar, asumiendo la existencia de la Hipoteca, plantea que dicha Hipoteca fue constituida para garantizar un préstamo destinado a la adquisición de un inmueble y no para su reconstrucción. Además, que el *Permiso de Construcción* fue tramitado y concedido exclusivamente a nombre de Marbella, como propietario y deudor. Añadió que, la parte peticionaria no presentó evidencia de haber participado en el proceso de adjudicación de permisos, ni que ostentara la condición de concesionario de estos. Por lo que, actuó correctamente el foro primario al denegar la solicitud de intervención de FirstBank.

Por su parte, el señor Hernández alega que FirstBank no logró demostrar que su acumulación en el pleito era necesaria para conceder un remedio a las partes. Asimismo, señala que la parte peticionaria tiene otros remedios, pero dirigidos hacia el propietario o dueño de la propiedad hipotecada. Por lo que, no es necesaria su intervención en el procedimiento sumario. Finalmente, menciona que la orden del foro primario se limita a demoler las obras de remodelación y ampliación realizadas.

Conforme al derecho antes expuesto, cuando se evalúa una solicitud de intervención el tribunal debe

analizar primero si existe un interés que amerite protección, y segundo, si este quedase afectado por la ausencia del interventor. Por ello, como requisito, la Regla 21.4 de Procedimiento Civil, *supra*, dispone que en la solicitud es necesario exponer una alegación que establezca la reclamación o defensa que motiva la intervención.

En la moción de intervención presentada por FirstBank, alegó tener un interés registral y propietario, debidamente inscrito y verificable en el Registro de la Propiedad. Además, que la demolición de la estructura afecta directamente y tiene un impacto negativo sobre el valor de la garantía hipotecaria y que la misma es un remedio extremo y oneroso, y más cuando las obras pueden ser legalizadas conforme a la ley.

No obstante, según surge de la Escritura de Hipoteca esta fue otorgada el 21 de septiembre de 2023,[7] mientras que el *Permiso de Construcción* tiene fecha de expedición del 3 de julio de 2024.[8] Entiéndase, que la Hipoteca fue otorgada para garantizar un préstamo destinado a la adquisición de un bien inmueble, y no para la reconstrucción de este. Asimismo, surge del *Permiso de Construcción* que quien comparece como dueño del inmueble es Marbella 63 LLC. Las obras sobre las cuales el foro recurrido ordenó demoler fueron ejecutadas y financiadas por Marbella.

Es por ello, que la función de FirstBank se limita a brindar el financiamiento del inmueble y no es parte ni participa de la construcción.

---

[7] Anejo I de la *Moción de Intervención* entrada núm. 88 en SUMAC.
[8] Anejo III de la *Demanda* entrada núm. 1 en SUMAC.

Así las cosas, resolvemos que no erró el foro primario al denegar la solicitud de intervención de FirstBank.

**IV.**

Por los fundamentos antes expuestos, **EXPEDIMOS** y **CONFIRMAMOS** la *Orden* recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones