Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| JUDITH SALAZAR T/C/C JUDITH ROBERT MARTÍNEZ O JUDITH DEL CARMEN ROBERT MARTÍNEZ, ET AL<br><br>Recurridos<br><br>v.<br><br>CARLOS RAFAEL ROBERT COLÓN Y OTROS, ET AL<br><br>Recurridos<br><br>VR MANAGEMENT, INC.<br><br>Peticionario | TA2025CE00348 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Aguada<br><br>Civil Núm. AG2023CV00476<br><br>Sobre: División o Liquidación de la Comunidad de Bienes Hereditarios |
| --- | --- | --- |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón.

Rodríguez Casillas, juez ponente.

## SENTENCIA

En San Juan, Puerto Rico, a 18 de diciembre de 2025.

Comparece ante nos, **VR Management, Inc.**, (en adelante, "VR Management" o "peticionario") y nos solicita que revisemos la *Resolución Interlocutoria* dictada y notificada el 6 de agosto de 2025, por el Tribunal de Primera Instancia, Sala Superior de Aguada (en adelante, "tribunal de instancia" o "TPI").[1] Allí, fue declarada *No Ha Lugar* la solicitud de intervención presentada por VR Management.

Por los fundamentos que expondremos a continuación, expedimos el auto de *Certiorari* y **revocamos** la *Resolución Interlocutoria* recurrida.

---

[1] Véase, Entrada Núm. 40 del Sistema Unificado de Manejo y Administración de Casos (en adelante, "SUMAC").

**-I-**

Surge de los autos que el **30 de marzo de 2023**, la señora Judith Del Carmen Robert Martínez,[2] Marie Angelie Robert Pagán y Lillian Del Carmen Robert Pellot (en conjunto, "parte recurrida") instaron una *Demanda* sobre división de bienes hereditarios en contra de Carlos Rafael Robert Colón; José Eduardo Robert Colón; Frances Marie Robert Pagán; Rafael Robert Lyons y; María De Los Ángeles Colón Pérez.[3] Aducen que el Sr. Carlos Augusto Robert Ruiz falleció el 2 de abril de 2007 (en adelante, "causante"), habiendo otorgado un Testamento Abierto. Indican que los bienes del caudal hereditario nunca fueron divididos y, como coherederos, no deseaban permanecer en indivisión. Por lo tanto, solicitaron al tribunal de instancia la división del caudal hereditario; la coadministración de los bienes del caudal hereditario; y, que se abriera una cuenta especial donde se depositaran los ingresos producto del alquiler de los inmuebles del caudal hereditario.

El **18 de mayo de 2023**, la parte recurrida radicó una *Moción informativa sometiendo emplazamientos diligenciados, sometiendo "declaración jurada" sobre diligenciamiento negativo y solicitud de expedición de emplazamientos por edicto.*[4] Allí hizo constar que emplazaron a Carlos Rafael Robert Colón, José Eduardo Robert Colón y María De Los Ángeles Colón Pérez. No obstante, arguyó que no pudieron dar con el paradero de Frances Marie Robert Pagán, ni de Rafael Robert Lyons. Ante ello, sometieron una *Declaración Jurada* sobre diligenciamiento negativo y solicitaron que se les permitiera emplazarles por edicto.

---

[2] También conocida como Judith Salazar y Judith Robert Martínez.
[3] Véase, Entrada Núm. 1 de SUMAC.
[4] Véase, Entrada Núm. 9 de SUMAC.

Así pues, el **18 de mayo de 2023**,[5] el tribunal de instancia ordenó el emplazamiento por edicto de Frances Marie Robert Pagán y Rafael Robert Lyons.[6]

Consecuentemente, el **7 de julio de 2023**, la parte recurrida sometió una *Moción en solicitud de anotación de rebeldía.*[7] Argumentó que, a la fecha, Carlos Rafael Robert Colón, José Eduardo Robert Colón y María De Los Ángeles Colón Pérez no habían contestado la demanda, y que, conforme a las Reglas de Procedimiento Civil, procedía se les anotara la rebeldía.

El **10 de julio de 2023**,[8] el tribunal de instancia emitió una *Orden* en la que declaró *Con Lugar* la moción y anotó la rebeldía, según solicitada.[9]

El **1 de agosto de 2023**, el señor Carlos Rafael Robert Colón presentó una *Solicitud se deje sin efecto anotación de rebeldía y prórroga para contestar demanda.*[10] Informó que era su interés participar activamente en el caso, pero que no había conseguido abogado que lo representara. Por lo cual, solicitó una prórroga de treinta (30) días para conseguir abogado y contestar la demanda.

En vista de lo anterior, el **9 de agosto de 2023**,[11] el tribunal de instancia le concedió al señor Carlos Rafael Robert Colón un plazo de quince (15) días para comparecer mediante abogado y evaluar los remedios solicitados.[12] Sin embargo, el **20 de octubre de 2023**,[13] el TPI emitió una *Orden* en la cual mantuvo la anotación de rebeldía por no haber comparecido con abogado.[14]

El **30 de enero de 2024**, compareció el señor Carlos Rafael Robert Colón mediante *Moción asumiendo representación legal y se*

---

[5] Notificada el mismo día.
[6] Véase, Entrada Núm. 10 y 11 de SUMAC.
[7] Véase, Entrada Núm. 13 de SUMAC.
[8] Notificado al día siguiente.
[9] Véase, Entrada Núm. 14 de SUMAC.
[10] Véase, Entrada Núm. 15 de SUMAC.
[11] Notificado al día siguiente.
[12] Véase, Entrada Núm. 16 de SUMAC.
[13] Notificado el 23 de octubre de 2023.
[14] Véase, Entrada Núm. 17 de SUMAC.

*deje sin efecto anotación de rebeldía y prórroga para contestar demanda.*[15] Comunicó que ya contaba con representación legal, por lo cual solicitó se le levantara la rebeldía y se le concediera un término de veinte (20) días para contestar la demanda.

El **31 de enero de 2024**, el tribunal de instancia emitió y notificó una *Orden* en la cual aceptó la representación legal del señor Carlos Rafael Robert Colón y le concedió el plazo solicitado para contestar la demanda, por lo cual, levantó la anotación de rebeldía.[16]

De este modo, el **26 de febrero de 2024**, el señor Carlos Rafael Robert Colón radicó su *Contestación a demanda.*[17]

El **8 de abril de 2024**, se celebró la *Conferencia Inicial.*[18] En esta la parte recurrida informó que todas las partes estaban en rebeldía, excepto, el señor Carlos Rafael Robert Colón. No obstante, Lcdo. Frank M. González Acevedo, quien representa al señor Carlos Rafael Robert Colón y a sus hermanos, aclaró que estos no comparecieron.

Más adelante, el **4 de marzo de 2025**,[19] el tribunal de instancia emitió una *Orden* en la cual designó a la señora Judith Del Carmen Robert Martínez como administradora de los bienes del caudal hereditario del causante: Carlos Augusto Robert Ruiz.[20]

Tras varias incidencias procesales, el **4 de agosto de 2025**, la corporación VR Management radicó una *Comparecencia especial: Intervención*; *Divulgación y Otros.*[21] Argumentó que tenía varios contratos de administración de propiedades para alquiler con el causante y que dichos acuerdos disponían para el control y administración de varias propiedades de alquiler vacacional que fueron despojadas por la administradora del caudal designada en el

---

[15] Véase, Entrada Núm. 20 de SUMAC.
[16] Véase, Entrada Núm. 21 de SUMAC.
[17] Véase, Entrada Núm. 22 de SUMAC.
[18] Véase, Entrada Núm. 26 de SUMAC.
[19] Notificada al día siguiente.
[20] Véase, Entrada Núm. 35 de SUMAC.
[21] Véase, Entrada Núm. 39 de SUMAC.

caso de epígrafe. Agregó que poseían créditos líquidos y exigibles contra el causante que ascendían a $2,000,000.00 y que los sucesores respondían por dichas deudas. Por lo tanto, solicitó que se les permitiera intervenir en el caso de epígrafe, se paralizara la partición y se les concediera un término de quince (15) días para presentar una demanda de intervención contra los miembros de la sucesión.

Ante ello, el **6 de agosto de 2025**,[22] se celebró una vista de *Status Conference*.[23] En esta, el representante legal del señor Carlos Rafael Robert Colón,[24] manifestó que su cliente le informó que la corporación VR Management le pertenecía a uno de los hermanos codemandados en rebeldía, quien estaba a cargo del apartamento de alquiler. Acto seguido, ambas partes se opusieron a la solicitud de intervención presentada por VR Management, sin la comparecencia de esta.

En consecuencia, **ese mismo día**, el tribunal de instancia dictó una *Resolución Interlocutoria* recurrida. Allí, determinó lo siguiente y citamos *in extenso*:[25]

> *Hemos tenido oportunidad de evaluar la solicitud de intervención. Además, se discutió la misma en la vista del 6 de agosto de 2025 donde ambas partes que han comparecido al pleito se oponen rotundamente a la misma argumentando que es un subterfugio para adelantar intereses de partes que se le[s] anotó la rebeldía oportunamente.*

> *Ante esas circunstancias, se declara no ha lugar la solicitud de intervención. Se tomó en consideración la etapa avanzada de los procesos que comenzaron el 2023. De igual forma, se evaluó un equilibrio entre el interés en la economía procesal y el de evitar que los pleitos se compliquen y se eternicen. V[é]ase Chase Manhattan Bank v. Nesglo, Inc., 111 DPR 767 (1981).*

---

[22] Minuta del 8 de agosto de 2025.

[23] Véase, Entrada Núm. 41 de SUMAC.

[24] Según la *Minuta* del 8 de agosto de 2025, el licenciado Frank M. González Acevedo compareció representando a la parte demandada. No obstante, conforme a las comparecencias de sus escritos, el licenciado González Acevedo representaba al señor Carlos Rafael Robert Colón. Véase, Entrada Núm. 41 en SUMAC.

[25] Véase, Entrada Núm. 40 de SUMAC.

Inconforme, el **26 de agosto de 2025**, VR Management incoó la *Petición de Certiorari* que nos ocupa y señaló la comisión de los siguientes errores:

> *VIOLAR EL DEBIDO PROCESO DE LEY DE LA INTERVENTORA AL NO PERMITIR PARTICIPAR DEL PROCESO DE DIVISIÓN DE HERENCIA PARA SOLICITAR SU PARALIZACIÓN Y COBRAR SUS CRÉDITOS.*
>
> *PREJUZGAR COMO INEXISTENTE EL CRÉDITO DE LA INTERVENTORA BASÁNDOSE SOLAMENTE EN ARGUMENTACIÓN ANTE EL FORO A QUO.*
>
> *APLICAR INDISCRIMINADAMENTE LA DOCTRINA DE DESCORRER EL VELO CORPORATIVO Y EL ALTER EGO SIN FUNDAMENTO EN CONTRA DE LA INTERVENTORA.*

El **28 de agosto de 2025**,[26] concedimos un plazo de diez (10) días a la parte recurrida para mostrar causa por la cual no debíamos expedir el auto de *certiorari* solicitado.

El **5 de septiembre de 2025**, la parte recurrida presentó su escrito *Posición de la parte demandante-recurrida a solicitud de petición de certiorari.*

El **8 de septiembre de 2025**, el señor Carlos Rafael Robert Colón —codemandado— instó una *Moción en cumplimiento de orden.*

**-II-**

**-A-**

El auto de *certiorari* es un medio procesal de carácter discrecional que, a su vez, permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[27] Así, se entiende por discreción como el poder para decidir en una forma u otra; esto es, para escoger entre uno o varios cursos de acción.[28]

Por ello, la Regla 52.1 de Procedimiento Civil, delimita las instancias en que habremos de atender —*vía certiorari*— las resoluciones y órdenes emitidas por los tribunales de instancia:

> *[E]l recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de*

---

[26] Notificado al día siguiente.
[27] *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 711 (2019); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337 – 338 (2012).
[28] *García v. Asociación,* 165 DPR 311, 321 (2005).

*Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. [...].*[29]

Bajo el carácter de discrecionalidad, la Regla 40 del Reglamento de este Tribunal de Apelaciones establece los siguientes criterios para mostrar causa o para la expedición del auto de *certiorari:*

(A) *Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*
(B) *Si la situación de hechos planteada es la más indicada para el análisis del problema.*
(C) *Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*
(D) *Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*
(E) *Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*
(F) *Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*
(G) *Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*[30]

En consecuencia, el Tribunal Supremo de Puerto Rico ha dispuesto que:

*[d]e ordinario, no se intervendrá con el ejercicio de discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial.*[31]

De manera, que si la actuación del foro recurrido no está desprovista de base razonable —ni perjudica los derechos

---

[29] Regla 52.1 de las Reglas de Procedimiento Civil 2009, 32 LPRA Ap. V., R. 52.1. *Énfasis nuestro.*
[30] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 62 – 63, 215 DPR __ (2025).
[31] *Zorniak Air Services v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

sustanciales de las partes— deberá prevalecer el criterio del juez de instancia a quien le corresponde la dirección del proceso.[32]

**-B-**

La Regla 21 de Procedimiento Civil es la que regula todo lo relacionado a la intervención.[33] En específico, la Regla 21.1, *supra,* nos indica que como cuestión de derecho cualquier persona, mediante una oportuna solicitud, tendría derecho a intervenir en un pleito bajo las siguientes circunstancias: **(a)** cuando por ley o por estas reglas se le confiere un derecho incondicional a intervenir o **(b)** <u>cuando la persona solicitante reclame algún derecho o interés en la propiedad o asunto objeto del litigio que pueda, de hecho, quedar afectado con la disposición final del pleito.</u>[34]

**-III-**

Nos corresponde determinar si el TPI actuó correctamente al denegar la solicitud de intervención presentada por VR Management. Veamos.

**En primer orden**, surge de los autos que VR Management adujo tener varios contratos de administración de propiedades para alquiler con el señor Carlos Augusto Robert Ruiz —causante— y que dichos acuerdos disponían para el control y administración de propiedades de alquiler vacacional. No obstante, VR Management arguyó haber sido despojado de las facultades concedidas mediante contrato, al ser nombrada por el tribunal una administradora para el caudal del causante. En consecuencia, solicitó intervenir en el caso de epígrafe. Sin embargo, el tribunal de instancia determinó mediante la *Resolución Interlocutoria* recurrida que *—dada la etapa avanzada del pleito, el equilibrio entre el interés en la economía procesal, el de evitar que los pleitos se compliquen y se eternicen—*

---

[32] *SLG Zapata- Rivera v. JF Montalvo*, 189 DPR 414, 434 – 435 (2013).
[33] 32 LPRA Ap. V., R. 21.
[34] 32 LPRA Ap. V., R. 21.1.

no procedía la solicitud de intervención, por ser un subterfugio para adelantar intereses de los codemandados que se les anotó la rebeldía.

**En segundo orden**, consta en la *Minuta* de la vista de *Status Conference* celebrada el 6 de agosto de 2025 que, en lo pertinente, ambas partes comparecieron con sus respectivos abogados y discutieron la solicitud de intervención de VR Management. Sin embargo, la corporación ni su abogado estuvieron presente en dicha vista.[35] Es decir, VR Management no se le dio la oportunidad de exponer qué <u>derecho, interés o asunto objeto de este litigio pudiera, de hecho, quedar afectado con la disposición final de este pleito</u>.

**En tercer orden y por último**, al no proveérsele la oportunidad a VR Management de expresar su interés en la referida vista, abusó de su discreción el TPI al denegarle la solicitud de intervención.

Por lo tanto, se ordena al tribunal de instancia a celebrar una vista evidenciaria en un plazo razonable para que VR Management tenga la oportunidad de exponer sus intereses en el pleito y cómo se afectaría si no interviniese en el presente caso.

En ese sentido, entendemos meritoria la revocación de la *Resolución Interlocutoria* recurrida.

### -IV-

Por los fundamentos antes expuestos, expedimos el auto de *Certiorari*, revocamos la *Resolución Interlocutoria* recurrida y devolvemos el caso al Tribunal de Primera Instancia para la continuación de los procedimientos, conforme a lo aquí resuelto. Al amparo de la Regla 35 (A)(1) de nuestro Reglamento,[36] el TPI puede

---

[35] Véase, Entrada Núm. 41 de SUMAC.
[36] Véase, Regla 35 (A)(1) del Reglamento del Tribunal del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 58, DPR __ (2025).

proceder de conformidad con lo aquí resuelto, sin que tenga que esperar por nuestro mandato.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones